MARIE M. SCHEPP *vs.* MARIE T. TROTTER ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued April 7th—decided June 14th, 1932.

*Hugh J. Lavery,* with whom was *George N. Finkelstone,* for the appellants (defendants).

*Harry Schwartz,* with whom, on the brief, was *Thomas A. Finn,* for the appellee (plaintiff).

HAINES, J. The plaintiff was injured on the night of October 15th, 1930, while riding as a guest in a Dodge sedan car owned by the defendant Marie and driven by her son the defendant Edward. The evidence was flatly contradictory, but on this appeal we

are required to give the most favorable construction to the evidence for the plaintiff and determine whether the jury could reasonably have found therein a proper basis for the verdict they rendered. They could thus have found that the plaintiff and her husband had spent the evening at the home of the defendant Marie, and upon the invitation of the latter they entered her car about eleven-thirty p. m. to return to their own home, the plaintiff on the left rear side and her husband at her right and the defendant Edward in the driver's seat with a young lady of his acquaintance at his right. It had rained heavily earlier in the evening and the streets were wet and it was still somewhat rainy and misty, so that the driver put the windshield cleaner in operation soon after starting. The car was proceeding easterly on Boston Avenue and had reached the intersection of Beecher Street which enters it from the south but does not cross it. Just before the car reached the intersection, a Ford car approached from the opposite direction, the driver intending to turn south into Beecher Street. A moment before the impact, each car turned sharply to its right but not sufficiently to avoid a slight contact between the left rear of the Dodge and the left front of the Ford, upon which the Dodge car swung further to the right and, after running about one hundred feet, came into violent collision with a post set back from the curb, causing serious injury to the plaintiff. From the start to the time of the collision, the Dodge car had only its parking lights in operation, but the headlights of the Ford were operating properly. Though the streets were wet and slippery and the weather bad, the driver of the Dodge car kept it near the center of the street with its left wheels between the trolley rails and maintained a speed of from forty to fifty miles per hour, notwithstanding the fact that the plaintiff's husband

twice protested, saying the second time, "Take it easy Ed, it's a wet night." The first protest was made when a collision with another car had been narrowly averted some blocks before reaching Beecher Street, and the second when within a half block of the place of collision. Both protests were ignored by the driver who only smiled and continued his conversation with the young lady, to whom he turned his face as he talked, and he failed to see the headlights of the approaching car until it was close to him. He first testified it was eight feet and upon cross-examination was not sure how far it was.

Upon the foregoing and other facts, the jury was justified in finding the defendant driver's conduct to have been a heedless and reckless disregard of the rights of the plaintiff within the meaning and intent of the guest statute, so-called. General Statutes, § 1628. No exceptions to the charge appear, and we are entitled to assume that the jury was fully and correctly instructed as to the proof necessary to hold the driver for violation of the statute in question. They would thus have known the evidence must show either that the driver was guilty of intentional misconduct or that he acted in heedless and reckless disregard of the rights and safety of his guests. No intentional misconduct is now claimed, and the verdict, if sustained, must rest on a reasonable conclusion that he did act in heedless and reckless disregard of the plaintiff's safety. It is to be noted that the accident was not caused by any single act of carelessness or negligence, but rather through a deliberate course of conduct. He had started on the trip with only the parking lights and with no headlights on, when weather conditions clearly required them, and in violation of the statute requiring them; the streets were wet and this required more than ordinary care in driving; the necessary use

of the windshield cleaner shows that the vision of the driver was circumscribed, and this called for moderate speed and more care. The first near-collision with another car, which should have added a further warning of this need, driving in the middle of the street and approaching an intersection without warning by horn, when his car was without headlights, on a dark night, and withal maintaining a speed of forty to fifty miles an hour, ignoring entirely the protests of a guest, and failing to see the headlights of an approaching car which were visible at some distance to other occupants of his car, and permitting it to run one hundred feet out of control after a slight contact with the Ford which appears to have caused no injuries to the occupants of the latter, and to come into violent collision with a post—these facts did not present to the jury a case of mere negligence, but rather of an indifference to consequences which might befall the occupants of his car.

Moreover, the trial court saw and heard all the witnesses, and by the motion to set aside the verdict was called upon to review the conclusion of the jury upon the evidence, and the court's decision that the verdict should stand is entitled to, and has, great weight upon this appeal.

We recognize the purpose of the legislature in enacting the present "guest statute" to restrict the liability which automobile drivers sustain to gratuitous passengers, and unless the facts bring the case clearly within the terms and intent of the statute, a recovery should not be allowed. On the other hand, drivers should not be permitted to escape liability where their conduct fairly comes within the condemnation of the statute.

A careful review of the entire record in the present case satisfies us that we cannot properly interfere

with the action of the trial court in denying the motion to set aside the verdict of the jury.

There is no error.

In this opinion the other judges concurred.