MARY E. CONER *vs.* CHARLES F. CHITTENDEN ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 1st—decided December 27th, 1932.

*Arthur T. Keefe,* with whom was *Leon J. Beisheim,* for the appellant (defendant).

*Perry J. Hollandersky,* with whom were *Foster K. Sistare* and *Charles V. James,* for the appellee (plaintiff).

BANKS, J. The plaintiff was injured while riding as a guest in a car owned and operated by the named defendant. She can recover in this action only upon proof that her injuries were caused by the defendant's heedless and reckless disregard of her rights within the meaning and intent of the so-called guest statute. General Statutes, § 1628. The trial court, after a careful review of the facts, concluded that it would not be warranted in interfering with the verdict of the jury and denied the defendant's motion to set it aside. The jury might reasonably have found the following facts: On November 27th, 1931, the defendant was driving a 1924 Nash sedan equipped with two wheel brakes on the concrete state road from New London to Colchester with the plaintiff as his guest on the right rear seat. It was snowing, sleeting and freezing and the roadway was extremely slippery. The defendant's car was not equipped with tire chains, and two or three times prior to the collision it slipped or skidded as it proceeded. On two or three occasions

prior to the collision, the defendant's wife, who was also a passenger in the car, cautioned him to go more slowly because the road was slippery, to which cautions he paid no heed. Shortly before the collision the defendant's car came up behind an eight and one-half ton Mack truck, eight and one-half feet wide, proceeding in the same direction at from twenty-five to thirty miles an hour with its left wheels about one foot to the left of the center of the road which was only eighteen feet wide. The defendant was driving between thirty-five and forty miles an hour and when his car was between eighty and ninety feet behind the truck the plaintiff said that they were going too fast, and the defendant's wife told him to drive slowly for there was a truck ahead and he had no chains on his car. To this the defendant replied that the truck "had hogged the road long enough," that there was plenty of room to pass, and he was going to pass. The driver of the truck dropped his arm out of the left window of his cab and the automatic stop light on the rear of the truck showed red, signaling his intention to stop, which he did when the defendant's car was still fifty-five to sixty feet away. The defendant continued on his right side of the road, without applying his brakes to reduce the speed of his car, until he was within eighteen or twenty feet of the truck, when he turned suddenly and sharply to the left to pass the truck. His car skidded, its right rear corner struck the rear left corner of the truck with great force, and it then crossed the road to the left and collided head on with a telegraph pole. The plaintiff and the defendant's wife were thrown from the seat into the bottom of the car with great violence, and the car was practically wrecked.

In an action under the guest statute, the jury has before it for determination (1) the facts constituting

the conduct of the operator of the car, and (2) the question whether such conduct constitutes heedless and reckless disregard of the rights of others. Its decision that the accident was or was not caused by reckless disregard of the rights of others is a decision of a question of fact as well as its decision as to what the conduct of the operator of the car was. The standard of conduct is fixed by statute, but the statute does not undertake to apply that standard to any given state of facts. In this respect the situation is unlike that existing in the ordinary negligence action when the negligence alleged is the violation of a statute such as one of the rules of the road. If, for example, the driver of a vehicle fails to keep to the right of the intersection of the centers of two highways when turning to the left, such failure constitutes negligence as a matter of law. If the jury find that the driver has passed to the left of the intersection, the question of whether that act constitutes negligence is not before them for determination. That is determined by the law. Where, however, the question of legal liability is that of prudent conduct under the circumstances—the standard of conduct being that of the reasonably prudent man—not only the facts constituting the conduct of the parties, but also whether that conduct conforms to the standard, are to be determined by the jury, and "its conclusion as to negligence or legal liability, including the measure of duty as well as the extent of performance, is final." *Lawler* v. *Hartford Street Ry. Co.*, 72 Conn. 74, 81, 43 Atl. 545. In the ordinary negligence action the test is negligence—the failure to exercise the care of the reasonably prudent man—and the jury determines as a fact whether the conduct of the defendant was or was not that of the reasonably prudent man. In an action under the guest law, the test is reckless disregard of

the rights of others, and the jury determines as a fact whether or not the conduct of the defendant is of that character. In *Bordonaro* v. *Senk,* 109 Conn. 428, 431, 147 Atl. 136, we said: "Act or conduct in reckless disregard of the rights of others is improper or wrongful conduct and constitutes wanton misconduct, evincing a reckless indifference to consequences to the life, or limb, or health, or reputation or property rights of another." In interpreting the statute, no concrete principle or rule can be established which will determine what constitutes such conduct upon any given state of facts. That is a question of fact for the jury. In determining whether the verdict of the jury in an action under the statute is one which they could reasonably reach, the same rules are to be applied as in the case of a verdict in the ordinary negligence action. When the conclusion of the jury is reached upon conflicting evidence, it should stand unless reasoning minds could not reasonably have reached such a conclusion. It will not be set aside unless its manifest injustice is "so plain and palpable as to justify the suspicion that the jury or some of its members were influenced by prejudice, corruption or partiality." *Roma* v. *Thames River Specialties Co.,* 90 Conn. 18, 19, 96 Atl. 169; *Canfield* v. *Sheketoff,* 104 Conn. 28, 30, 132 Atl. 401; *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 232, 132 Atl. 451. If the jury believed the evidence of the plaintiff, as they had a right to do, they might reasonably have reached the conclusion that her injuries were not the result of the defendant's momentary inattention or thoughtlessness, as in *Silver* v. *Silver,* 108 Conn. 371, 143 Atl. 240, and *Ascher* v. *Friedman, Inc.,* 110 Conn. 1, 147 Atl. 263, but of a course of conduct persisted in despite warnings of the danger involved, and that such conduct was of such a character as to constitute, under

the circumstances, reckless and heedless disregard of the rights of his passengers. The verdict of the jury is further fortified by the action of the trial judge whose situation is one of such vantage in matters affecting the soundness of the verdict, that the results of his careful and mature deliberation as to whether or not it should be disturbed are entitled to great weight. *Schroeder* v. *Hartford,* 104 Conn. 334, 337, 132 Atl. 901.

There is no error.

In this opinion the other judges concurred.