MARIA PETERSON *vs.* THE CONNECTICUT COMPANY
ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 9th, 1932—decided February 14th, 1933.

*Samuel E. Hoyt,* for the appellant (defendant Hellberg).

*Samuel Campner,* for the appellee (plaintiff).

AVERY, J.   The plaintiff was injured while riding as a guest in a car owned and operated by the defendant Hellberg.   On December 27th, 1930, the automobile came into collision with a trolley car of The Connecticut Company on Whitney Avenue in the town of Hamden.   Her action was brought against The Connecticut Company and Hellberg.   The jury brought in

a verdict in favor of The Connecticut Company, and in favor of the plaintiff against Hellberg. His motion to set aside the verdict was denied by the trial court. The only question involved in this appeal is the correctness of that ruling.

The plaintiff, as a guest in a car, can only recover against Hellberg upon proof that her injuries were caused by his heedless and reckless disregard of her rights within the meaning of General Statutes, § 1628. As bearing upon this question, the jury might reasonably have found the following facts: The plaintiff, with Hellberg and three others, was returning in an automobile to New Rochelle from a Christmas visit to friends in West Hartford. The plaintiff was riding on the rear seat on the right-hand side. Two other persons were seated with her; the defendant Hellberg was driving and his wife was sitting by his side. They left Hartford at about ten-thirty in the morning. Shortly thereafter, the chains were removed from the tires. It rained until nine-fifty a. m. on the day in question; and, thereafter, there was a mixture of snow, sleet and rain until after the accident. When they left Hartford, the ground was covered with snow, slush and sleet, and it was slippery. The temperature was about 33, and falling. The automobile was covered with snow, as was the right side of the windshield, obscuring vision. The speed of the automobile was from thirty to thirty-five miles an hour; and shortly before they reached the point of the accident, defendant's wife asked him to drive slowly, to which he made no response. Whitney Avenue, in the vicinity of the accident, runs north and south; and there is a double line of trolley tracks from New Haven to Hamden, the double line continuing for two or three miles north of the center of Hamden, where the tracks converge into one line which continues on the west

side of the highway toward Cheshire. The double line of tracks are in the center of the road, there being a strip about eight feet in width on the west side, and the same on the east for vehicular traffic. The trolley car was being operated in a northerly direction toward Cheshire, and it had reached a point in the highway about one hundred and sixty-five feet south of the switch where the four rails converge into two. The motorman saw the automobile, driven by Hellberg, about two hundred feet away, raised his hand, blew his whistle, and stopped his trolley in about sixty-five feet. The automobile was then headed directly for the trolley car. Hellberg saw the trolley about two hundred feet ahead of him; continued to drive directly at it without slackening his speed; and, when about twenty-five feet from it, attempted to turn to his left. The automobile crashed into the trolley with great force, bounded off, struck the trolley again, and went off to the easterly side of the road against a fence. The force of the impact was such that the rear axle of the automobile was broken, the right rear wheel knocked off, and the rear fender and side of the car bent and crushed beyond repair.

If the jury believed these to be the facts, as they had a right to do, they might reasonably have reached the conclusion that the plaintiff's injuries were not the result of the defendant's momentary inattention or thoughtlessness, but of a course of conduct persisted in when he ought to have known the danger involved; and that such conduct was of such a character as to constitute, under the circumstances, heedless and reckless disregard of the rights of the plaintiff. "In an action under the guest law, the test is reckless disregard of the rights of others, and the jury determines as a fact whether or not the conduct of the defendant is of that character." *Coner* v. *Chittenden,*

116 Conn. 78, 81, 163 Atl. 472. When the conclusion of the jury is reached upon conflicting evidence, it must stand unless reasoning minds could not reasonably have reached such a conclusion.

In the instant case, the weather, the slippery condition of the pavement, the circumscribed vision through the windshield, and the warning as to speed, were conditions which called for special care at moderate speed. *Schepp* v. *Trotter*, 115 Conn. 183, 184, 160 Atl. 869. The defendant Hellberg, however, without slackening speed, drove from a distance of two hundred feet directly at the trolley car, which was standing stationary at the left of the center of the highway; did not attempt to turn out until within twenty-five feet of it; and then endeavored to turn out and pass it to the left, with the result that the automobile was caused to skid and its rear part struck the front end of the trolley, and the plaintiff was injured.

The case of *Sadinsky* v. *Coughlin*, 114 Conn. 585, 589, 159 Atl. 492, upon which the defendant places considerable emphasis, presents quite a different situation. There, the defendant drove rapidly over a road which he had reason to know might have patches of ice upon it, but the finding did not disclose that he had any knowledge of the two relatively small patches of ice, one or both of which caused his car to skid; and, we held under the particular finding in that case, that while defendant's conduct might well have been held negligent, it was not shown to amount to a reckless disregard of the rights of his passenger.

The situation in the instant case is closely similar to that in *Coner* v. *Chittenden, supra;* and, under the circumstances, we cannot say that the jury could not reasonably have concluded that the defendant's conduct was in violation of General Statutes, § 1628.

The court did not err in refusing to set aside the verdict.

There is no error.

In this opinion the other judges concurred.