SUSAN E. LUCAS *vs.* ARTHUR P. HICKCOX ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 4th—decided November 7th, 1933.

*Joseph B. Morse*, with whom, on the brief, were *Philip Pond* and *Daniel D. Morgan*, for the appellants (defendants Copp).

*J. Warren Upson*, for the appellee (plaintiff).

AVERY, J. The plaintiff was riding as a gratuitous passenger in the rear seat of a Ford sedan proceeding from Middlebury to Waterbury. It was following a Ford runabout going in the same direction. Passing White's Corner, the car ahead turned to the right, partly off the cement pavement of the road, and slowed preparatory to stopping. The car following ran into it and the plaintiff was injured.

She brought her action against Hickcox, the owner of the Ford runabout, and Ranslow, the driver, claiming negligence in the operation of that automobile in slowing the car suddenly and without warning; and against Henrietta F. Copp, the owner, and Earl Copp, Jr., the driver, of the Ford sedan in which she was riding under the "guest statute" (General Statutes,

§ 1628), alleging in her complaint that Copp was operating his automobile in reckless disregard of her rights in that he was proceeding at an excessive speed; that he was not maintaining a proper lookout or paying proper attention to the operation of his vehicle, and did not seasonably apply his brakes to avoid colliding with the Hickcox car. It was not claimed that he was reckless in following it too closely, but, on the contrary, it was set up in the complaint that he was following at a reasonable distance. At the trial, Hickcox was dropped as a party, and the jury brought in a verdict in favor of the plaintiff as against Henrietta F. and Earl Copp, Jr., and in favor of the defendant Ranslow.

The assignments of error which it is necessary to notice upon this appeal relate to the instructions of the court. The plaintiff claims to have proved that the two automobiles were proceeding easterly along the Middlebury road, the traveled part of which was concrete eighteen feet wide and that the cars were traveling at about the same rate of speed, about thirty-five miles an hour. At White's Corner there is a bus station and two women were waiting for an approaching bus. Ranslow, believing that he was acquainted with one of them, slowed up to offer her a ride. His car had a tail-light stop signal which was in working order, but at that time the sun was from the west and the two automobiles were proceeding in an easterly direction with the rays of the sun shining on the stoplight. Riding on the front seat with the operator, Copp, was a friend with whom he was conversing as he approached the scene. Just prior to the collision, Copp turned his eyes toward his friend who sat at his right. When he returned his eyes to the road, he observed that Ranslow was bringing his automobile to a stop, and immediately applied his brakes, and had

succeeded in bringing his car almost to a stop when he struck the left-hand side of the car ahead, which had turned to the right partly off the traveled portion of the highway. Copp did not change the direction in which he was proceeding when he observed the car ahead slowing down, although there was no traffic traveling in the opposite direction. Ranslow offered evidence tending to show that the car in the rear was traveling about forty miles an hour at the time of the collision; and was overtaking the car ahead of it rapidly up a grade and around a slight curve. Upon the pleadings and claims of proof, the only conduct upon the part of the operator of the Copp car which the plaintiff could assert constituted heedlessness and a reckless disregard of her rights were its speed and the claimed fact that the operator, just prior to the collision and as the car ahead of him was slowing down, momentarily turned his eyes toward the friend with whom he was conversing.

The appellants assign error in the charge of the court in failing to instruct the jury as requested by them that conduct "arising from momentary thoughtlessness, inadvertence or an error of judgment, does not indicate a reckless disregard of the rights of others. Conduct indicating a reckless disregard of the rights of others is quite distinct in its characteristics from merely negligent conduct. It is conduct which indicates an indifference to the consequences of action and constitutes wanton misconduct." The language of the request was taken literally from the case of *Ascher* v. *Friedman, Inc.,* 110 Conn. 1, 3, 147 Atl. 263. In this and other cases, we have held that conduct arising from momentary thoughtlessness, inadvertence or from an error of judgment, does not indicate a reckless disregard of the rights of others. *Silver* v. *Silver,* 108 Conn. 371, 376, 143 Atl. 240; *Rindge* v. *Holbrook,*

111 Conn. 72, 74, 149 Atl. 231; *Coner* v. *Chittenden,* 116 Conn. 78, 82, 163 Atl. 472; *Anderson* v. *Colucci,* 116 Conn. 67, 73, 163 Atl. 610. Under the allegations of the pleadings and the claims of proof in this case, the defendants were entitled to have the jury clearly instructed in accordance with the substance of their request; and that a momentary inattention on the part of the driver, while it might constitute negligence, would not constitute such misconduct as would afford a basis of recovery under the "guest statute." In this respect, the charge of the court was erroneous and there must be a new trial of the case.

The appellants further contend that the instructions of the court were so framed as to lead the jury to hold the Copps liable for mere negligence. Viewing the charge as a whole, we do not think this criticism is well founded. It is true that in two or three excerpts set forth in the appellants' assignments of error and their brief, the term "negligence" might appear to have been used in such a manner that it might be taken to apply to the driver of the Copp car. On the other hand, the court read the statute to the jury and explained it at some length, concluding the exposition by stating that the phrase "heedlessness or . . . reckless disregard of the rights of others" appearing in the statute signified "an indifference in regard to the results of an act— a reckless disregard of the just rights and safety of others, and of the consequences that may ensue—an indifference as to whether wrong is done or not, that is, conduct so wanton as to involve a reckless disregard of the rights of others." Further, in concluding its remarks in regard to liability, the court expressly stated that Copp could be held liable only if the jury found him to be guilty of conduct in violation of the statute. Reading the charge as a whole, we do not think the jury could have received any other impres-

sion than that to hold the Copps liable, it was necessary to prove misconduct of the driver within the statute.

There is error and a new trial is ordered.

In this opinion the other judges concurred.