Marie Szetela *vs.* Vincent Abramowicz.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued April 6th—decided May 1st, 1934.

*M. Joseph Blumenfeld,* for the appellant (defendant).

*Edward S. Pomeranz,* with whom, on the brief, was *George Miske,* for the appellee (plaintiff).

*Cyril F. Gaffney,* for the plaintiffs in two companion cases.

Per Curiam. The plaintiff brought this action to recover damages from the driver of a car in which she was riding as a guest for injuries suffered when it collided with a truck. The plaintiff, the defendant and two others were returning from a social gathering held at an inn two or three miles south of Wallingford, and the accident occurred a short distance north of that village. The car was a four cylinder Ford sedan. The plaintiff was seated in the front seat. The car and the truck were proceeding in the same direction. The accident occurred about one a. m. The night was clear, the road straight and dry, and there was no other traffic on it at the time. The jury might reasonably have found the immediate circumstances of the collision to be as follows: The defendant saw the truck when he was some two hundred feet away, proceeding upon its right-hand side of the road; he was driving

at the rate of fifty to sixty miles an hour; he determined to pass it and increased his speed somewhat; as he came near the rear of the truck, the car he was driving seemed to swerve, he turned his head, and lost control of it and it struck the left rear corner of the truck from behind. The jury might also reasonably have found that when the party left the inn the defendant shot across the road in front of an approaching car, in imminent danger of a collision with it; that except for a short distance immediately thereafter, he drove at all times at the rate of fifty to sixty miles an hour; that he passed through the village of Wallingford without slackening his speed; that the plaintiff and another passenger in the car on two or three occasions remonstrated with him as to the way in which he was driving, but he gave no heed to them; that the plaintiff, on seeing the truck ahead of him, called the defendant's attention to it and he said that it was "hogging the road;" and when the plaintiff besought him to "take it easy," he replied that he knew what he was doing. The trial court refused to set the verdict aside and we cannot say that it erred in that ruling. It might well have concluded that the jury could reasonably find the defendant guilty of misconduct proximately causing the accident, which was characterized by a reckless disregard of the rights of the passengers in the car, within the meaning of the "guest statute." General Statutes, § 1628; *Schepp* v. *Trotter,* 115 Conn. 183, 160 Atl. 869; *Coner* v. *Chittenden,* 116 Conn. 78, 163 Atl. 472.

Reading the charge as a whole, it is not possible to believe that the jury could have been misled as to the requirements of proof resting upon the plaintiff under the statute, by the references to "due care" and "negligence," of which complaint is made.

There is no error.