CHARLOTTE METCALF, Respondent, *v.* MARION REYNOLDS, Appellant, Impleaded with ELLA DICK and Another, Defendants.

Second Department, November 16, 1934.

*Alfred T. Tompkins* [*Charles J. Gardella* with him on the brief], for the appellant.

*Charles Edward Long* [*Albert A. Verilli* and *David H. Moses* with him on the brief], for the respondent.

KAPPER, J.   The accident happened in the State of Connecticut, where what is there known as the " guest " statute▮ provides that a " guest " in a motor vehicle shall not have a cause of action for damages for personal injuries against the owner or operator of the car " unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." This statute has been construed by the Connecticut courts to mean a "·heedless or reckless disregard of the rights of others," and that to constitute a right of action by a " guest " there must be " something more than the mere failure to exercise the care of a reasonably prudent man which is the familiar definition of negligence." (*Silver* v. *Silver*, 108 Conn. 371, 376; 143 Atl. 240; *Bordonaro* v. *Senk*, 109 Conn. 428; 147 Atl. 136.) The courts of Connecticut, however, have clearly indicated that the facts in a particular case may present a question for the jury whether the conduct of the driver was ordinary negligence or a heedless or reckless disregard of the rights of others. (*Sadinsky* v. *Coughlin*, 114 Conn. 585, 589; 159 Atl. 492; *Peterson* v. *Connecticut Co.*, 116 Conn. 237; 164 Atl. 637; *Coner* v. *Chittenden*, 116 Conn. 78, 82; 163 Atl. 472; *Latham* v. *Hankey*, 117 Conn. 5; 166 Atl. 400; *Lucas* v. *Hickcox*, 117 Conn. 513; 169 Atl. 191.) In *Coner* v. *Chittenden* (*supra*, at p. 81) the court say: " The standard of conduct is fixed by statute, but the statute does not undertake to apply that standard to any given state of facts." The jury were warranted in finding that defendant. Reynolds turned from the right of the road to a point some three or four feet to the left of the center and proceeded on that course for upwards of 300 feet with knowledge that another car was following on the right-hand side of the road, and that after so proceeding, without giving any signal of intention to turn, in violation of the Connecticut statute which required the driver to indicate an intention to make a turn, said defendant made a sudden, abrupt and practically right-angle turn in front of a private driveway, with the result that the car following ran into said defendant's car. The learned trial justice submitted the case to the jury under the Connecticut statute, clearly pointing out to them, in the language of the Connecticut courts, the distinction between

mere negligence and conduct indicat ng a reckless disregard of the rights of others. To the charge there was neither exception nor request. I am of opinion that the case was correctly tried, and the verdict should be sustained.

The judgment should be affirmed, with costs.

LAZANSKY, P. J., HAGARTY and DAVIS, JJ., concur; SCUDDER, J., dissents and votes for reversal and a dismissal of the complaint upon the ground that the proof failed to show either heedlessness or a reckless disregard of the rights of others on the part of the defendant, but showed only ordinary negligence, and, therefore, there was nothing to submit to the jury.

Judgment in an action for damages for personal injuries to plaintiff while riding as a guest in appellant's car, which was in collision with another automobile, affirmed, with costs.