John Williams *vs.* George Smith et al.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued October 1st—decided December 3d, 1935.

*Thomas J. Wall,* with whom, on the brief, were *Thomas F. Wall* and *Robert A. Wall,* for the appellant (plaintiff).

*Harrison D. Schofield,* for the appellees (defendants).

Maltbie, C. J.   The plaintiff brought this action to recover for injuries suffered while riding as a guest in a Ford sport roadster owned by the defendant George A. Smith and being operated by the defendant Minnie Smith, his wife.   He can recover in this action only upon proof that his injuries were caused by the heedless and reckless disregard of his rights within the meaning of the statute.   General Statutes, § 1628.   The jury returned a verdict in favor of the plaintiff and this appeal is taken from the granting by the trial court of a motion to set that verdict aside.

The jury might reasonably have found the following facts: On October 30th, 1933, at about 1 p. m., Mrs. Smith was operating the car on the main highway from New Milford to Litchfield. She had as guests in the car, riding upon the front seat, the plaintiff and Edward DiNova. The plaintiff was sitting next to her and DiNova on the outside. At a point near the village of Bantam, where the West Morris road intersects the main thoroughfare, the automobile turned over and DiNova was killed and the plaintiff injured. The highway upon which the car was traveling was paved with concrete twenty feet in width and had upon each side a gravel shoulder about four feet in width. The shoulders had been oiled and were hard except at the point where the West Morris road intersected. There had been new construction upon that road and where it intersected the highway upon which the car was traveling, the shoulder of the highway had just been filled in with gravel, but had not been oiled and was not hard. Beyond the intersection was a curve in the highway. The day was clear and bright and the road dry and there was no traffic upon it. The car was traveling at fifty-five or sixty miles an hour. As it approached the intersection, it ran off the concrete and along the gravel shoulder for a distance of one hundred and eighty-seven feet; then back across the concrete and on to the hard oiled shoulder upon the opposite side of the road; and finally back to the concrete where it overturned.

In addition to these facts there was evidence that, some little distance before the car left the concrete, Mrs. Smith had been having some difficulty in controlling it. In addition to the testimony as to the number of miles per hour the car was traveling, the only eyewitness not in the car, Bleiler, testified that it was proceeding at such a "terrific speed" for a small

car that he had the impression that something was going to happen. The defendant driver herself testified that she only became aware of the fact that the car had left the concrete when it was already on the shoulder and she saw DiNova, at whom she was looking at the time, stiffen. The jury were also entitled to consider the natural reaction produced not only in the case of DiNova, but also as regards the plaintiff and Bleiler. The former stated that the car was going so fast before it left the concrete that he did not think it would make the curve and was scared; and the latter felt that the car could not make the curve and would tip over. There was also testimony by a doctor who attended Mrs. Smith after the accident that she said she was driving too fast and in answer to a question whether she was driving recklessly, she answered in the affirmative; and as an admission by her out of court the jury were entitled to consider this testimony, not, of course, as an admission that her conduct amounted to recklessness as legally defined under the provisions of the guest statute, but as the word is used in common parlance.

With this evidence before them, the jury could reasonably have concluded that Mrs. Smith, before the car left the concrete, was having some difficulty in controlling it; that, as she approached the curve in the road, she continued to drive at a speed so excessive as to make an accident probable; and that she did not even watch the road closely enough to know when the car left the concrete pavement. Certainly it could not be said as matter of law that she was not guilty of reckless misconduct within the meaning of the statute. *Coner* v. *Chittenden,* 116 Conn. 78, 163 Atl. 472. The trial court was in error in setting the verdict aside.

There is error and the trial court is directed to enter judgment upon the verdict.

In this opinion the other judges concurred.