DAVID W. ROBERTS

vs.

HAROLD DECKER

HAROLD DECKER

vs.

DAVID W. ROBERTS

Superior Court      Litchfield County      File #9109
#9120

Present: Hon. FRANK P. McEVOY, Judge.

Blodgett & Schaefer,      Attorneys for David W. Roberts.

Wall, Wall & Wall,      Attorneys for Harold Decker.

MEMORANDUM FILED FEBRUARY 23, 1938.

McEVOY, J.   1.   Grounds one and two are based upon

the claim that the evidence does not support a finding that Roberts was chargeable with either wanton misconduct or gross negligence. Both of these grounds were alleged in the complaint of Decker. Upon all of the evidence the jury might reasonably have found the following facts:

At about eleven o'clock in the morning on October 30, 1935, a clear, bright day, Roberts was operating a 1935 Ford two-door coach northerly along the North Colebrook-Sandisfield 20-foot wide macadam road, the shoulders of which were three and a half feet wide on the easterly side and six feet wide on the westerly side, at a speed of about sixty miles per hour where that road intersects with the 14-foot wide Sandy Brook dirt road, and the "mouth" of the intersection is 32 feet wide. This mouth was "patted" down by vehicles so that a "Y" was formed, with a slightly raised triangle in its center. A school-house is situated 14 feet east of the east edge of the macadam of the North Colebrook Road and 17 feet south of the south-erly edge of the Sandy Brook Road, and there was an earth bank about 6 feet high at the southeast corner of the intersec-tion and on the west side of that intersection there was an earth bank about 2 feet high, so that the intersection made up what is known as a "blind" corner. On the easterly side of the road and about 300 feet southerly from the intersection there was a State sign facing southerly marked "Cross Road" and from that point the North Colebrook Road slants on a down-grade to the intersection. Roberts saw the State sign and knew its function. As Roberts approached the intersec-tion Decker was operating a 1929 Ford roadster in a westerly direction along the intersecting Sandy Brook Road. About two miles east of the intersection Decker stopped his car and got out of it. Then he proceeded on an up-grade westerly toward the intersection at about 10 or 12 miles per hour and, as Decker approached the intersection, he signaled with his left hand to indicate his intention to make a left turn as he drove on the left side of the intersection triangle southerly on to the North Colebrook Road. As Decker turned on to the North Colebrook Road and was about six feet out in the road from the intersection Roberts' car collided with that of Decker. Roberts applied the four-wheel brakes, which were in good working order, and this resulted in leaving "burn" marks on the macadam road, one of which extended for 105 feet; one for 80 feet and two about 61 feet. One operating northerly along the North Colebrook Road, as Roberts was, could have seen an automobile 17 feet easterly into the Sandy Brook Road

from a point 300 feet south of the intersection. After the collision the Decker car stopped immediately and the Roberts car continued until it stopped north of the Decker car on the west side of the North Colebrook Road.

After the collision Roberts said to a third person "not to worry" and to tell Mr. Decker that everything would be taken care of.

Upon this state of facts there would seem to have been sufficient foundation for a finding of wanton misconduct on the part of Roberts. **Williams vs. Smith, 120 Conn. 521.**

2. There was evidence upon which the jury might reasonably have found contributory negligence on the part of Decker which materially contributed to his injury. Since the verdict was generally in favor of Decker on this phase of the matter it must be assumed that the jury did not so find. Even had they so found, the finding of wanton misconduct on the part of Roberts, which the jury did, would render the defense of contributory negligence on the part of Decker unavailing to Roberts.

3. Roberts did request that an interrogatory containing a triple finding as to negligence, gross negligence and wanton misconduct be submitted to the jury. This application was duly made and heard and denied by the court. Only the special interrogatory as to wanton misconduct was submitted to the jury. Whether or not this resulted in prejudice to Roberts is more properly a matter to be determined by the Supreme Court than by the trial court and, therefore, no further comment is made about it in this memorandum.

4. Complaint is made about various parts of the charge. It might very well have been that, considering the connection with the matter of the interrogatories, the charge was prejudicial to Roberts but it is difficult for the trial court to view this whole matter disinterestedly as the Supreme Court does. An argument in favor of the charge or on its adequacy would be invidious on the part of the trial court.

Great caution should be exercised by a trial judge in setting aside a verdict for error in his instructions to the jury, and he should do so only when entirely satisfied that his error is unmistakable, and unquestionably harmful. **Jackiewicz vs. United Illuminating Company, 106 Conn. 310, 311.**

For all of the reasons stated the motion to set aside each of the verdicts is denied.