JOSEPH A. MEYER *vs.* HAROLD F. HART.

First Judicial District, Hartford, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 4th—decided November 7th, 1929.

*James W. Carpenter,* for the appellant (defendant).

*Edward S. Pomeranz,* with whom was *S. Polk Waskowitz,* for the appellee (plaintiff).

WHEELER, C. J.   At the time of the accident the plaintiff was a guest in an automobile belonging to the defendant and being driven by him northerly on Stanley Street, a main thoroughfare between New Britain and Hartford, and down Shephard's Hill, so-called, which had a steep slope of thirty to thirty-five degrees. At the foot of the hill Stanley Street intersected Hartford Avenue, also a main thoroughfare between New

Britain and Hartford, at a sharp acute angle. Two hundred feet south of this intersection on the east side of Shephard's Hill and south of a high wall of rock was an intersecting street and just south of the embankment and on the east side of Stanley Street was a driveway.

Stanley Street was a paved asphalt street, which at the time of the accident was wet, slippery and dangerous for traffic because it was then raining and had been for a large part of the day.

The defendant was an experienced driver and well acquainted with this location and the dangerous intersection at the foot of this hill; he also knew that in rainy weather when this street was wet it was slippery and dangerous for traffic. As the defendant reached the crest of Shephard's Hill his automobile was traveling at thirty-five miles an hour, its speed slightly increasing as it proceeded down the hill. The plaintiff thereupon cautioned him to drive more slowly. When the automobile was one hundred and twenty-five feet south of the intersecting side street the defendant saw a truck coming out of the side street; he thereupon applied his brakes, his car skidded on the wet pavement, he lost control of the car, it turned around twice, threw the plaintiff out causing him injury and finally it came to a stop against a stonewall one hundred and thirty feet north of the intersecting street, the automobile having traveled from two hundred and fifty to three hundred feet from the point where defendant first saw the truck to the point where it stopped.

The trial court reached the conclusion that the proximate cause of the plaintiff's injuries was the heedless and reckless disregard of plaintiff's rights by the defendant in operating his automobile.

The defendant claimed upon the facts and law that at most he was merely guilty of common-law negli-

gence and that the plaintiff had failed to prove that the accident was caused by defendant's heedlessness or reckless disregard of the rights of others.

The plaintiff's action is based upon § 1 of Chapter 308 of the Public Acts of 1927, known as the guest statute, which provides that a guest may not recover damage against the owner or operator of a motor vehicle for injury in case of accident "unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

We have held that the second of these causes of action meets the legislative intention when it is construed to read, "or caused by his heedless and his reckless disregard of the rights of others" and that wrongful conduct in reckless indifference to consequences to life, limb, health, reputation, or rights constitutes wanton misconduct which is neither ordinary nor gross negligence and therefore "an action based upon wilful or wanton misconduct is apart from the action for negligent conduct." *Bordonaro* v. *Senk,* 109 Conn. 428, 147 Atl. 136.

Counsel for the appellant urges that this inevitably means that the facts found, or proven, must make out a case of criminal culpability before they can be held to come within the terms of this statute as construed by us. The exposition of these causes of action as made by us in recent cases sufficiently explains them without recourse to the criminal law of criminal culpability or criminal negligence. We shall not consider in an action under this statute whether the causes of action embraced in this statute—that based upon wilful misconduct, or upon wanton misconduct—are the only forms of what has been denominated in the criminal law criminal negligence.

That wilful misconduct, and wanton misconduct, as

we construe these terms are unquestionably forms of what has long been called criminal negligence cannot be controverted. These forms of criminal negligence are each instances of intentional, or wanton, that is, reckless disregard of the safety of others. We find in *State* v. *Campbell*, 82 Conn. 671, 74 Atl. 927, the test of criminal liability on a charge of "involuntary manslaughter by culpable negligence" as applied by the trial court to the conduct of the accused to be "that of recklessness or wanton negligence," sustained.

At page 677, the opinion states: "One who wilfully drives an automobile in a public street of this State at a rate of speed or in a manner expressly forbidden by statute, and thereby causes the death of another, or one who, with reckless disregard for the safety of others, so negligently drives an automobile in a public street as to cause the death of another, is guilty of criminal homicide."

The trial court concluded that the defendant's operation of his automobile at the time of the accident was a heedless and reckless disregard of the rights of the plaintiff. We cannot hold this conclusion to be erroneous in law (*Davis* v. *Margolis*, 107 Conn. 417, 140 Atl. 823); on the contrary it finds reasonable support in the subordinate facts.

The defendant, driving his car down this very steep hill, over a road where the traffic was apt to be heavy, upon an asphalt pavement wet from long-continued rain and while it was still raining, at a speed accelerated from a rate of thirty-five miles an hour at the crest of the hill to a somewhat greater rate as it descended the hill and approached the intersecting streets and driveway, was liable to endanger the safety of those coming on the highway from the intersecting streets as well as those in his car, and continuing on at this speed in disregard of the plaintiff's caution to the

defendant to drive more slowly was a reckless disregard of the safety of the plaintiff guest.

"In the face of this emergency," the trial court well said, "which his own conduct had created he put on his brakes, his car skidded and turned completely around twice on the slippery pavement, threw the plaintiff out and came to a stop."

The reckless operation did not consist in the speed alone but in the speed under the existing circumstances of location, traffic, intersecting streets, the wet and dangerous condition of the pavement, the continuing rain, the liability of the car's skidding, enhanced if the brakes were required to be put on suddenly, or if they were in fact liable to be put on in an emergency in disregard of proper operation.

There is no error.

In this opinion the other judges concurred.