ABRAHAM SADINSKY *vs.* PATRICK J. COUGHLIN.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued February 4th—decided March 22d, 1932.

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellant (defendant).

*Lee R. Robbins,* with whom was *George C. Morgan,* for the appellee (plaintiff).

HAINES, J. The plaintiff alleged in substance that on January 31st, 1930, he was riding as a guest in an automobile owned and driven by the defendant on the Norwich and New London Turnpike between New London and Norwich on the westerly side of the Thames River, and as such guest was in the exercise of due care; that at a quarter before five o'clock on the afternoon of that day, while so riding with the defendant and proceeding in a northerly direction toward Norwich, they had reached a point in the town of Waterford known as Quaker Hill, where the defendant operated the automobile so negligently and with such excessive speed and such heedless and reckless disregard for the rights of others that it was caused to skid, collide with a rock and turn over, causing serious injuries to the plaintiff.

The court's finding is that there was a bend in the road about four miles north of New London running northerly down what is called Paper Mill Hill, and a short distance from the foot of that hill, the road extends up what is known as Quaker Hill, curving continuously to the right, and at the top turns sharply to the left; that the highway in this portion is paved with cement and there had been a fall of snow upon it the previous night, while on the afternoon in question the weather was cloudy, and later in the afternoon the air became clear and some of the wet places

on the highway froze; that where the road turns to the left at the top of the hill, there were two patches of ice on the pavement about three feet and five feet square, respectively; that about half past one in the afternoon the plaintiff and R. H. Heebner, upon the invitation of the defendant, drove with him over this road from Norwich to New London as his guests; that the defendant at no time had chains on the wheels of his car, and that he drove at a speed of thirty-five to forty miles per hour; that after attending the theater in New London, they started at once upon the return trip, all three being seated upon the front seat, the plaintiff at the right, the defendant at the left and Heebner seated between them; that the defendant then drove the car toward Norwich over the turnpike at a fast speed, and in ascending the curving Quaker Hill, he overtook and passed to the left, another car going in the same direction, and then turned to the extreme right side of the highway and was then making the necessary sharp turn to the left, when the car skidded upon one or both of the patches of ice, went across to the left side of the road, struck a rock and a pole and turned over on its left side throwing the plaintiff out upon the pavement where the car then rested upon him. The court also found that the defendant had driven over this road many times before this date and knew its condition and all the conditions which would probably confront him upon the return trip on this day.

The appeal presents two questions as to claimed corrections of the finding. Exception is taken to the statement of the court that the defendant knew of the condition of the road and "all of the conditions which would probably confront him upon his driving back from New London to Norwich," the claim being that it is not warranted by the evidence which has

been certified as defendant's Exhibit 2. The evidence furnishes a reasonable basis for this conclusion.

Exception is taken to the finding that the proximate cause of the plaintiff's injuries was the excessive speed at which the car was being driven by the defendant. There was testimony that the speed at the foot of the hill was forty to forty-five miles per hour and that it was increased as the defendant passed the car which he overtook, and approached the curve at the top of the hill. It was for the trial court to give such credence as it saw fit to this testimony, and is not our province to say that the evidence is or is not credible. With this and the other certified evidence before the court, we cannot say that the finding complained of was not a reasonable one.

The controlling question presented by this appeal is whether the court was justified in finding that the conduct of the defendant brought it within the terms of Public Acts, 1927, Chapter 308, now General Statutes, § 1628.

This so-called guest statute provides that "no person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

It was early decided that the purpose of the statute was to limit the obligation of the owner or operator of a motor vehicle to his guest, to something more than negligence. "The language of the statute indicates an intention to limit such liability to two classes of cases, first, when the accident was caused by intentional

misconduct, and second, when it was caused by heedless or reckless disregard of the rights of others, meaning thereby something more than the mere failure to exercise the care of a reasonably prudent man which is the familiar definition of negligence." *Silver* v. *Silver*, 108 Conn. 371, 376, 143 Atl. 240. While the word "heedlessness" if construed by itself might be held to mean substantially the same as "negligence" yet the intent of the statute could not be effectuated by a construction of this word alone and we have construed it with due regard to the context and the meaning of the entire sentence in which it appears. So construed we have held the sentence to mean conduct which is improper or wrongful, "evincing a reckless indifference to consequences to life, or limb, or health, or reputation or property rights of another." *Bordonaro* v. *Senk*, 109 Conn. 428, 431, 147 Atl. 136.

It is often difficult, as the present case illustrates, to say when the conduct of a defendant is more than negligent and becomes a "heedless and reckless disregard of the rights of others," evincing a reckless indifference to consequences affecting the life and limb of the guest. While there is evidence, which if believed by the trial court, would have justified that conclusion, it is at once obvious from the finding by which we must test the question, that the court did not fully credit all of that evidence. As the finding stands, even with such light as is thrown upon it by the memorandum of decision, it does not reflect such misconduct as is requisite to bring the case within the terms of the so-called guest statute. It cannot fairly be said to be other than a high degree of negligence, and therefore insufficient to justify a recovery by the plaintiff in this action.

There is error; the cause is remanded to the Su-

perior Court with direction to enter judgment for the defendant.

In this opinion the other judges concurred.