ADOLPH LIONETTI *vs.* GENEROSO COPPOLA ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 10th—decided August 9th, 1932.

*Raymond E. Hackett,* for the appellant (defendant).

*Justus J. Fennel,* with whom was *Ira L. Cressler,* and, on the brief, *George Dimenstein,* for the appellee (plaintiff).

MALTBIE, C. J.   The jury might reasonably have found the following facts: An automobile truck operated by Michael Coppola, hereafter called the defendant, and one operated by Carmine Lionetti were in an election night parade in Stamford November 4th, 1930. After the parade broke up the two trucks proceeded along Stillwater Avenue and turned into Spruce Street, which intersects it at right angles, Lionetti's truck then being ahead.   Spruce Street is about twenty-four feet wide between curbs.   It was or had been raining that night and it was somewhat misty and drizzly and the pavement was wet.   Spruce Street at this point is dimly lighted and the defendant's truck had only dim headlights.   The body of the truck, with which the defendant was familiar, was apt to sway, particularly when carrying a load, because it was built upon a low chassis.   In the truck at the time of the accident were some fifteen boys who were pushing each other about and shouting, and there were three boys upon the left running board.   One of these was the plaintiff, then fourteen years old, who was standing holding to the door by the driver's seat; another boy was lying between the fender and the hood of the truck; and the defendant must have known of the position of both of these.   A third boy, thirteen years old, was standing on the running board behind the plaintiff.   When the defendant turned into Spruce Street he cut the corner so short that the truck struck the curb.   He was then going at a speed of twenty-five to thirty miles an hour.   After turning the corner he increased his speed and was going so fast that a boy standing inside the truck testified that he was fright-

ened.  He tried twice to pass Lionetti on the left side, causing the body of his truck to sway, but found that he did not have room to do so.  He then increased his speed somewhat, swung rather abruptly to the left and tried to pass again.  Some of the passengers in Lionetti's truck shouted to Lionetti to pull to one side, one passenger testifying that if he had not done so both the trucks would have been wrecked.  Lionetti did drive as far to the right as he could in view of the fact that there were parked cars standing in the street, bringing his truck almost to a stop.  This left just room for the defendant to pass between it and the curb.  Without slackening his speed he went by.  He was then driving about thirty-five to forty miles an hour and the body of the truck was swaying somewhat.  At this point in the street a pole was very close to the outside of the curb, leaning somewhat toward the street.  This pole the defendant might have seen had he been keeping a reasonable lookout.  As the truck passed it the body swayed toward it and went so close that the plaintiff was swept off the running board and fell to the ground receiving the injuries to recover for which he brought this action.  After the accident, when Lionetti said to him, "It's mighty crazy to go so fast, you want to kill people," the defendant asked Lionetti if he was insured, and when he replied that he was not, the defendant said, "Well, my truck is insured."

The plaintiff was a gratuitous passenger in the defendant's truck and therefore entitled to recover only in accordance with the provisions of the "guest statute" so-called, that is, upon a reasonable finding by the jury that the defendant operated the truck in a manner to evince a heedless and reckless disregard of the consequences of harm to those riding with him or to others.  General Statutes, § 1628; *Sadinsky* v. *Cough-*

*lin,* 114 Conn. 585, 589, 159 Atl. 492. But if the jury found the facts to be such as have been stated, we cannot say that they might not reasonably reach the conclusion that the requirements of the statute had been met. For the defendant, with his truck loaded with boys and three standing upon the running board, to attempt to pass the Lionetti truck in the narrow space open to him, at the speed at which he was going, under the existing circumstances, might well be taken to evince a recklessness of the injurious results likely to follow, which is emphasized by the callousness of his reply when charged after the accident with driving too fast. The trial court was not in error in refusing to set the verdict aside.

The action was originally brought only against Generoso Coppola, it being alleged that the defendant Michael Coppola was operating the truck as his agent and servant. Later, the plaintiff moved the court to order Michael Coppola to be made a defendant, alleging that he was responsible for the plaintiff's injuries. The court so ordered, but the complaint was not amended to allege wrongful conduct on his part. At the conclusion of the evidence the trial court permitted an amendment to the complaint containing the necessary allegations to that end, and while this amendment did somewhat amplify the specifications of negligence it did not essentially change them. The defendant could not have been misled as to the intent of the plaintiff to seek a recovery against Michael Coppola, and in fact claimed at the time the amendment was offered no prejudice from its allowance and sought no opportunity to offer further testimony. We see no abuse of discretion on the part of the trial court in allowing this amendment. *Skaling* v. *Sheedy,* 101 Conn. 545, 552, 126 Atl. 721.

The charge of the trial court was correct in law and

adequate for the guidance of the jury. The issues were simple and the failure of the court to state in terms that the plaintiff could only recover in accordance with the allegations of the complaint could not have been harmful in view of its statement of the issues they were to determine. Proof, in accordance with all the plaintiff's evidence, that he was standing upon the running board of the defendant's truck, would not constitute a fatal variance from the allegation of the complaint that he was riding "in" the truck. The charge that contributory negligence would not be a defense to the cause of action stated was in accordance with our decisions; *Bordonaro* v. *Senk,* 109 Conn. 428, 433, 147 Atl. 136; and no circumstances calling for the application of any other rule of law appears.

During the cross-examination of the defendant he was asked, without objection, whether or not there was any liquor in his truck that night and replied that there was not. Upon rebuttal the plaintiff offered two witnesses and asked them whether there was liquor on the truck. The defendant objected on the ground that the matter was not proper rebuttal but that the plaintiff was bound by the answer made by the defendant. The trial court ruled that the matter was close enough to the issues of the case to make the testimony admissible. The defendant was evidently seeking to invoke the rule that where a witness, cross-examined as to acts of misconduct in order to discredit his testimony, denies them, his answer is conclusive and cannot be proven false by extrinsic evidence. *Shailer* v. *Bullock,* 78 Conn. 65, 70, 61 Atl. 65. But, as pointed out in that case, acts of misconduct to be admissible for this purpose must be such as indicate a lack of veracity. The testimony as to liquor in the truck would not fall within this rule and was admissible, if at all, because it was a fact relevant to the issues in the case. If it was, it

was proper for the plaintiff to contradict the testimony of the defendant. *Rich* v. *Johnston*, 92 Conn. 599, 602, 103 Atl. 1003. As the defendant did not object to the evidence upon the ground of irrelevancy, we have no need to consider that question.

There is no error.

In this opinion the other judges concurred.