MURIEL COOK *vs.* HUBERT COOK.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued May 3d—decided June 13th, 1933.

*George W. Crawford,* with whom was *Nathan Shepatin,* for the appellant (plaintiff).

*Harry M. French,* with whom was *James M. Kelly,* and, on the brief, *Arthur B. O'Keefe,* for the appellee (defendant).

PER CURIAM. There was a conspicuous absence of conflict in the evidence as to the salient facts bearing upon a determination whether the conduct of the defendant was such as to impose liability upon him under the "guest statute," § 1628 of the General Statutes. The plaintiff and the defendant are wife and husband. On July 5th, 1931, riding in a coupé owned and driven by the defendant, they left Brooklyn, New York, at ten o'clock in the morning to go to their home in Everett, Massachusetts. Without having made any stop they reached and passed through Branford on the Boston Post Road at about three-thirty in the afternoon, and, being hungry, agreed to stop for lunch at the next place they came to along the road. Traffic

was quite heavy in both directions, and cars, including that of the defendant, going easterly on the southerly side of the concrete road were traveling at a rate of thirty-five to forty miles per hour. When the defendant's car came opposite the Blue Moose Tavern, located northerly of the highway, and had already passed the westerly driveway leading to it, the defendant suddenly said, "We will go in here and eat," and turned his car to his left toward the easterly driveway to the inn and across the northerly lane of the highway and the line of traffic traveling therein. While crossing this lane at a right angle his car was struck broadside by a car traveling west and the plaintiff was seriously injured. The defendant testified that he did not realize the presence of the eating place until he had passed the westerly driveway, then looked at the next car approaching from the east and it seemed to him that he had opportunity to cross in front of it.

Examination of all the evidence certified convinces us that the trial court was correct in holding that the jury could not reasonably have found therefrom the reckless disregard of the rights of others essential to a verdict for the plaintiff, and in setting it aside. Even without taking into account the defendant's confirmatory testimony as to his mental processes, the undisputed facts reasonably point to no other fault on his part than an error of judgment in the execution of a sudden impulse, incited by his own hunger and a solicitude to satisfy that of his wife, precipitated by discovery of the location of the inn. Up to the instant of turning he was operating at a reasonable speed under the circumstances and otherwise in a careful manner; there is an entire absence of a prior course of dangerous or negligent conduct; his passenger was his wife. The most that his action could fairly be

found to amount to was an impulsive inadvertence, or an error of judgment in calculating that he could cross in front of the approaching car—"a momentary bit of careless driving, a failure to exercise due care." *Ascher* v. *Friedman, Inc.,* 110 Conn. 1, 4, 147 Atl. 263; *Sadinsky* v. *Coughlin,* 114 Conn. 585, 589, 159 Atl. 492; *Silver* v. *Silver,* 108 Conn. 371, 379, 143 Atl. 240. The severe and painful nature of the plaintiff's injuries, naturally appealing to sympathy, and the existence of insurance made obvious by the relationship of the parties and circumstances as to the bringing of the action which appeared in evidence, may well have exerted an inadmissible influence in producing the verdict which was rendered.

There is no error.