AMELIA PALMER *vs.* R. & H. PANT COMPANY ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 2d—decided June 27th, 1933.

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellant (defendant Gillette).

*M. Joseph Blumenfeld,* for the appellant (defendant R. & H. Pant Company).

*John T. Barry,* for the appellee (plaintiff).

HAINES, J. The complaint charged, in the first count, that both the defendants were liable for negligence, and in the second count that the defendant Pant Company was liable for a heedless and reckless disregard of the plaintiff's rights. The court ruled that the plaintiff was a gratuitous passenger while in the car of the last-named defendant, and that that defend-

ant could not be held liable under the first count in any event, and as the case went to the jury, Gillette was charged in negligence under the first count only and the Pant Company on the guest statute under the second count only. The car of the last-named defendant was being driven by the president of the company, Weinbaum, and will be hereafter referred to as the Weinbaum car. It was proceeding east on the North Coventry-Bolton state highway in the town of Bolton about half past three in the afternoon of June 7th, 1932, and when nearing a driveway entering the Collins property, stopped, while Weinbaum met and inquired of the plaintiff whether that was the road to Manchester. Being told that he was going in the wrong direction, he thereupon suggested that, upon his turning about, if she would show him the road, he would give her a ride toward her destination, and to this she agreed, and entered the car. He then drove a short distance past the driveway and backed the car into it in order to turn and drive westward. In the meantime the defendant Gillette was approaching from the west at high speed. Weinbaum proceeded out of the driveway at moderate speed and into the highway, turning to the left as he crossed onto the north lane headed west. As he had about completed the turn the Gillette car ran into the left side of his car, and the plaintiff, who was sitting at his right, was injured. The jury returned a general verdict of $1200 against the defendants which the court accepted. Each defendant moved to set aside the verdict as against the law and the evidence, and the court denied both motions. Gillette's appeal assigns error on this ground only, and the Pant Company, in addition to the same ground, assigns the denial of its motion to exclude, as against it, the evidence produced in behalf of Gillette; error in the

charge as to the rule of the road, as to the right of way and as to wanton misconduct.

We have studied the entire evidence with care and it compels the conclusion that the jury was fully warranted, in the case of Gillette, in its finding that he was guilty of negligence which was the proximate cause of the plaintiff's injuries. He was driving at a speed estimated by certain witnesses to be from fifty-five to sixty miles an hour; when a long distance away, he saw the Weinbaum car standing in the driveway headed out, and saw it start toward the highway, but it does not appear that he took any precautions to reduce his speed and bring his car under control. While he testified that the Weinbaum car stopped at the edge of the highway before entering it, the evidence of Weinbaum is that he kept going after he left the hedge, and the jury could have so believed. Gillette further testified that when he saw the Weinbaum car entering the highway he was about one hundred feet away and then, for the first time, applied his brakes.

His car was an eight cylinder Viking sedan with four-wheel mechanical brakes, but his speed was such that the car skidded with the brakes applied for about one hundred and ten feet, and while so doing, he turned the car to the left toward the north lane with the result that it struck the Weinbaum car while the latter was straightening out in that lane heading west, and the impact was such that it was pushed sixteen feet before coming to rest. We unhesitatingly agree with the trial judge that the verdict as to Gillette should stand, and the refusal to set it aside was justified.

The most important question on the Pant Company appeal, is the sufficiency of the evidence to sustain a verdict under the guest statute. In our review of the evidence, we have considered all that was given at the trial without now deciding the claim of this defendant

that such evidence as came in after it rested, was not admissible against it. We must and do give the plaintiff the benefit of the most favorable construction of the evidence in support of the verdict. On this basis it appears clear that Weinbaum did not intentionally or with understanding, subject himself or his passenger to the risk of a collision with the Gillette car. He may have been negligent in not seeing that car sooner than he did as he entered the highway, but there is an agreement of the witnesses that when he thus entered and started to cross the road, the latter was one hundred feet or more away, and if it had proceeded at a moderate speed and under control, as Weinbaum was entitled to assume that it would, the latter had ample opportunity to cross the Gillette lane before that car reached there; in fact, even at the speed of fifty-five to sixty miles, which some of the evidence shows it was moving, Weinbaum had actually crossed that lane and was either wholly in the north lane or almost so before the Gillette car struck it. The only reasonable conclusion open to the jury was that the act of Weinbaum in proceeding into the highway under these circumstances was momentary thoughtlessness or an error of judgment. It is impossible, we think, to ascribe to him under these circumstances anything wanton or wilful, or any disregard of the rights of his passenger. He does not appear to have knowingly assumed the risk of a collision, and we can find nothing in the evidence indicating that he was indifferent to the consequences of his action. *Ascher* v. *Friedman, Inc.*, 110 Conn. 1, 3, 147 Atl. 263; *Upson* v. *General Baking Co.*, 113 Conn. 787, 789, 156 Atl. 858; *Anderson* v. *Colucci*, 116 Conn. 67, 73, 163 Atl. 610, and cases cited. We are unable to sustain the verdict against the R. & H. Pant Company, and we resolve the doubt expressed by the trial court, in favor of this defendant. It is not neces-

sary to consider its further assignments of error, since this determines its appeal.

There is no error as to the defendant Gillette. There is error on the appeal of the R. & H. Pant Company and a new trial is ordered as to this defendant.

In this opinion the other judges concurred.