HELEN RIORDAN *vs.* EDWARD GOUIN, SR., ET AL.

REGINA WHELAN *vs.* EDWARD GOUIN, SR., ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 5th—decided November 20th, 1934.

*Edward L. Reynolds,* with whom was *George J. Grady,* for the appellants (plaintiffs).

*Daniel D. Morgan,* for the appellees (defendants).

BANKS, J. Plaintiffs in these cases, which were tried together, were injured while riding as guests in a car owned by the named defendant and operated by his son, the other defendant, hereinafter referred to as the defendant. They can recover in this action only upon proof that their injuries were caused by the defendant's heedless and reckless disregard of their rights within the meaning and intent of the so-called guest statute. General Statutes, § 1628. The jury might reasonably have found the following facts: The defendant and a friend, Moran, had taken the plaintiffs to a dinner dance in Woodmont. Returning from the dance about two o'clock in the morning, they came to the scene of a recent accident at Ames Point in West Haven. A young lady, who had been at the same dance, had been an occupant of the car involved in the accident and had received injuries, having a cut in her back which was bleeding. The defendant and Moran assisted her to the defendant's car and started to take her to the New Haven Hospital which was some five or six miles distant. The car was a convertible coupé with a rumble seat. The girl who had been in the accident sat between the two men on the front seat and the two plaintiffs sat in the rumble seat. They proceeded through Savin Rock and into New Haven by way of Howard Avenue. The weather was fair, the streets were dry and there was no traffic after leaving Savin Rock. The car was driven at a rapid rate of speed—over sixty miles an hour as testified by both plaintiffs, and over fifty miles an hour as testified by a police officer whom it passed about seven blocks before it reached Columbus Avenue. The driver of the car was repeatedly asked by the other occupants not to go so fast, once by the plaintiff, Helen Riordan,

twice by the plaintiff, Regina Whelan, and once by the girl who was being taken to the hospital. The police officer whom he passed ran out into the street, waved his flashlight, and shouted: "Cut out that rate of speed; are you crazy." Columbus Avenue crosses Howard Avenue running east and west. It is a main thoroughfare for trucks and the intersection is a dangerous one, which was known to the defendant who lived within three or four blocks. When the car was about a block from Columbus Avenue two trucks, about seventy-five feet apart, crossed Howard Avenue going west on Columbus Avenue. They were seen by the defendant who remarked "Trucks never stop for anyone here." A third truck was following the other two at about the same distance, and as the defendant's car entered the intersection this truck entered it from defendant's right. The truck driver blew his whistle when defendant's car was one hundred to one hundred and fifty feet away from the intersection. Defendant was traveling between forty and fifty miles an hour and the truck about fifteen miles an hour. He turned to his left and the truck driver to his right, but the two vehicles came into collision, the left forward wheel and bumper of the truck striking the right side of the defendant's car at the door. Defendant's car came to a stop on the crosswalk of Howard Avenue on the north side of Columbus Avenue headed northwesterly, and the truck stopped just beyond the crosswalk headed northerly.

Whether defendant's conduct constituted heedless and reckless disregard of the plaintiffs' rights was a question of fact for the jury whose verdict, based upon conflicting evidence, will not be disturbed unless reasoning minds could not reasonably have reached such conclusion. *Coner* v. *Chittenden*, 116 Conn. 78, 81, 82, 163 Atl. 472. When it appears that the defendant

was guilty of no more than momentary thoughtlessness or inadvertence, we have not hesitated to hold that the jury could not reasonably find that such conduct evinced a reckless disregard of the rights of others. *Silver* v. *Silver*, 108 Conn. 371, 143 Atl. 240; *Ascher* v. *Friedman, Inc.*, 110 Conn. 1, 147 Atl. 263; *Maher* v. *Fahy*, 112 Conn. 76, 151 Atl. 318; *Rindge* v. *Holbrook*, 111 Conn. 72, 149 Atl. 231; *Anderson* v. *Colucci*, 116 Conn. 67, 163 Atl. 610; *Cook* v. *Cook*, 117 Conn. 655, 166 Atl. 672; *Palmer* v. *R. & H. Pant Co.*, 117 Conn. 124, 167 Atl. 94; *Lucas* v. *Hickcox*, 117 Conn. 513, 169 Atl. 191. When, however, the evidence justifies a finding of a course of conduct persisted in notwithstanding warning and knowledge of the danger involved, the question whether such conduct evinces a reckless disregard of the rights of others within the intent of the statute is one of fact for the jury. *Coner* v. *Chittenden, supra; Berman* v. *Berman*, 110 Conn. 169, 147 Atl. 568; *Meyer* v. *Hart*, 110 Conn. 244, 147 Atl. 678; *Potz* v. *Williams*, 113 Conn. 278, 147 Atl. 678; *Schepp* v. *Trotter*, 115 Conn. 183, 160 Atl. 869; *Lionetti* v. *Coppola*, 115 Conn. 499, 161 Atl. 797; *Peterson* v. *Connecticut Co.*, 116 Conn. 237, 164 Atl. 652; *Doody* v. *Rogers*, 116 Conn. 713, 164 Atl. 641; *Rose* v. *Heisler*, 118 Conn. 632, 174 Atl. 66.

The jury could have found that the defendant was driving at a speed of over sixty miles an hour for a distance of over five miles, in spite of repeated requests of the occupants of the car to drive more slowly and the warning of the police officer, that he knew of the dangerous character of the intersection of Columbus Avenue and of the character of the truck traffic upon it, and had specific warning of danger by the passage of the two trucks across the intersection when he was a block away, but that notwithstanding this he drove into the intersection at a speed of between forty and

fifty miles an hour, deliberately assuming the risk of a collision. It is true that defendant was engaged upon an errand of mercy in taking the injured girl to the hospital. The jury could reasonably have found, however, that her injuries were not serious, that she did not want to go to the hospital, and requested the defendant to drive more slowly, and that the facts did not disclose the presence of an emergency which might be claimed to justify the utmost possible speed in an effort to save life. Even the driver of an ambulance, which by statute has the right of way over all other traffic, is not privileged to drive at a reckless rate of speed while taking a patient to the hospital. *Leete* v. *Griswold Post,* 114 Conn. 400, 158 Atl. 919. *Vanderkruik* v. *Mitchell,* 118 Conn. 625, 173 Atl. 900, upon which defendant relies, was also a case of a collision late at night at a street intersection, with evidence that the speed of defendant's car when it entered the intersection was between forty-five and fifty miles an hour. We held that speed alone did not spell reckless operation of the car within the meaning of the guest statute, and that the evidence in that case compelled the conclusion that the driver's conduct was attributable merely to thoughtlessness, inadvertence or an error of judgment. There was in that case no evidence of a prior course of reckless driving persisted in after protest and warning, or of such warning of impending danger as the defendant had in the present case.

The trial court was impressed with the truthfulness of the evidence of the defendant, and accepted as true his testimony that he heard no caution as to his driving, that when within a block of the intersection he slowed down to a speed of twenty-five miles an hour, and further retarded his speed when within twenty feet of the intersection, and stated that this was corroboraated by the physical facts as to the resulting damage

to the two vehicles. The defendant's evidence in these respects was by no means undisputed, and there was a conflict in the evidence which it was within the province of the jury to resolve. Upon the facts which they might have found as to the conduct of the defendant, they might reasonably have reached the further conclusion that such conduct constituted, under the circumstances, reckless and heedless disregard of the rights of the plaintiffs.

The trial court based its action in setting aside the verdicts in part upon remarks made by plaintiffs' counsel in argument which were claimed to be prejudicial to the defendants. The defendants produced as a witness an investigator employed by an insurance company, who testified that he visited one of the plaintiffs, Regina Whelan, after the accident and took her signed statement, which was received in evidence. In his closing argument counsel for the plaintiffs attacked the conduct of the investigator, saying: "And he went out there and he conducted a star chamber proceeding, sort of a Spanish inquisition. Why didn't he let Regina Whelan write that statement? The girl can write. Why didn't he let Regina Whelan read the statement? The girl can read. . . . He was going out to tie that little girl up as tight as he could; he was going out there to rob her of her rights, to sell her out in her bill of rights." Counsel for the defendants objected, and the court stated that if counsel felt that was a reasonable inference to draw from the evidence he might argue it. Miss Whelan denied that the statement written by the investigator and signed by her accurately reported what she had said to him. Counsel was entitled to claim upon the evidence that the jury might infer from the conduct of the investigator that his method of obtaining information from her was unfair, and that the statement obtained by him did not

correctly report what she said. If, in making that claim, counsel indulged in some rhetorical exaggeration, it cannot be said that it so far exceeded the limits of proper argument as to require the granting of a new trial. Counsel for the plaintiffs also made reference in his argument to the conduct of investigators generally in such cases but was immediately stopped by the court. The court was not asked to withdraw the case from the jury on account of the argument of counsel, which cannot properly be held to have been prejudicial to the defendants' rights, and the court was not justified in setting the verdict aside on that ground.

There is error in both cases and they are remanded with direction to enter judgments upon the verdicts.

In this opinion the other judges concurred.