JOSEPH FERRIS *v.* CECELE VON MANNAGETTA.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued January 6th—decided February 1st, 1938.

*Frank S. Bergin,* for the appellant (defendant).

*Joseph Koletsky,* for the appellee (plaintiff).

MALTBIE, C. J.   This case, as it comes to us, is one in which the defendant Mrs. Von Mannagetta, to whom we shall hereafter refer as the defendant, is appealing from a judgment rendered against her in favor of the plaintiff for injuries he suffered when the car which she was driving came into collision with a truck.   The plaintiff was riding as a guest in the car, and the accident occurred before the so-called guest statute, General Statutes, § 1628, was repealed.   It was therefore incumbent upon the plaintiff, if he was to recover, to prove that the defendant in the operation of the car was guilty of conduct which "evinced a reckless indifference to the danger of injury to others." *Sadinsky* v. *Coughlin,* 114 Conn. 585, 589, 159 Atl. 492; *Riordan* v. *Gouin,* 119 Conn. 235, 238, 175 Atl. 686.

The facts, as stated in the finding, with such material corrections as should be made in it, are as follows: The plaintiff and defendant left New Haven some time after 10.25 p. m. on March 26th, 1936, and the defendant drove the car westerly along the main highway toward Milford.   She operated the car at a reasonable speed and there was no occasion for the plaintiff to comment on her driving.   They came to a point where the highway divides, one branch running to Milford and the other, curving very gradually to the north, running toward Bridgeport, the latter highway being known as the cut-off.   Both highways were of concrete, the former thirty-six feet and the latter forty feet wide, each with four traffic lanes.   When the car was about twenty-five feet from the intersection, well on its right side of the highway, and proceeding at a speed of about thirty-five miles an hour, the defendant saw the lights of an approaching truck, which was pro-

ceeding in the opposite direction and was some two hundred and fifty feet westerly of the intersection. The defendant first drove her car into the beginning of the intersection, still keeping to the right side of the highways where they intersect; she then changed her course to the left, on to the highway running to Milford as if to continue to that town; then she again changed her course, coming back into the cut-off. Meanwhile the driver of the truck, observing her course, put on his brakes and turned the truck slightly to the left. The car collided with the truck when it was in the second traffic lane from its right side of the highway. The distance covered by the car from the time the defendant turned toward Milford until the accident was about two hundred and fifty feet. The defendant continued to drive her car at about the same speed of thirty-five miles an hour until the moment of the collision; she did not apply her brakes until just before the accident, when the plaintiff exclaimed, "For Heaven's sake put on the brakes;" she gave no signals as to changes of direction of the car; and she did not observe the truck approaching from the time when she saw it before entering the intersection until almost the moment of the collision, although there was nothing to prevent her from doing so had she looked. So far as appears there was no other traffic in the vicinity at the time of the accident.

The defendant evidently entered the intersection well before the truck reached it and had the right, using due care, to turn to her left to proceed toward Milford in front of it; *Jackson* v. *Brown*, 106 Conn. 143, 145, 137 Atl. 725; *Brangi* v. *Marshall*, 117 Conn. 675, 168 Atl. 21; nor does it appear that in doing so she failed to exercise proper care. In view of the fact that there was no other traffic and that the operator of the truck saw the car, her failure to give signals

when she changed its course was not a material element in the situation. The intersection was broad, level and open, and nothing indicates that, had it not been for the truck, she might not have swung back into the cut-off and proceeded along it, or headed back toward New Haven without danger of injury to anyone. Her misconduct consisted in the fact that, having turned to go toward Milford, she suddenly turned back into the cut-off, not seeing or indeed looking to see where the truck was, although she had observed it approaching. The most that could be said was that the defendant, in the very brief interval, not more than two or three seconds, from the time she turned the car to go back into the cut-off until too late to avoid the accident, failed to see the approaching truck. There is an entire absence of any prior course of dangerous or negligent conduct. All that the misconduct of the defendant could be held to have amounted to, was "in impulsive inadvertence," " 'a momentary bit of careless driving, a failure to exercise due care.' " *Cook* v. *Cook,* 117 Conn. 655, 657, 166 Atl. 672; *Ascher* v. *Friedman, Inc.,* 110 Conn. 1, 4, 147 Atl. 263. Her conduct cannot be said to evince "other than a high degree of negligence, and therefore insufficient to justify a recovery . . . in this action." *Sadinsky* v. *Coughlin,* supra, 589; *Riordan* v. *Gouin,* supra, 238.

There is error, the judgment is set aside and the case remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred, except JENNINGS, J., who dissented.