JOHN KURIMAI v. HENRY J. MALINOSKY ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 80741

Memorandum filed May 2, 1950.

*D. Harold Cotter*, of Bridgeport, for the Plaintiff.

*Robert F. Hanlon*, of Milford, and *Goldstein & Peck*, of Bridgeport, for the Defendants.

KING, J. The complaint as amended claims damages for personal injuries sustained by the plaintiff while a passenger in a motor car owned by the defendant Helen Malinosky and operated with her permission by her husband, the defendant Henry Malinosky. Negligent operation by the defendant husband is claimed.

The complaint is defective in failing to allege agency. *Leitzes* v. *F. L. Caulkins Auto Co.*, 123 Conn. 459, 464. The vital question of agency is not put in issue by the pleadings since the defendant wife can admit her relationship to her husband, and that he was operating the car with her permission, without in any way admitting the essential fact of agency under the family car rule. *Durso* v. *A. D. Cozzolino, Inc.*, 128 Conn. 24, 29. Even if the statute (General Statutes § 7904) prevents such a complaint as this from being demurrable (*Smith* v. *Furness*, 117 Conn. 97, 102), the failure to allege agency (and thus to put it in issue under the pleadings) imposes on the plaintiff the trouble and expense of preparing his evidence on agency even though at the trial that issue turns out to be uncontroverted. *O'Dea* v. *Amodeo*, 118 Conn. 58, 65; *Koops* v. *Gregg*, 130 Conn. 185, 187. This is because the statute, § 7904, although it raises an inference of agency from the fact of the relationship of husband and wife between operator and owner, leaves the burden of proof of agency, in the sense of risk of nonpersuasion, on the plaintiff. *Koops* v. *Gregg*, supra. Of course this is also true of the other statute, § 7905 primarily designed to apply to commercial vehicles. *Leitzes* v. *F. L. Caulkins Auto Co.*, supra.

Obviously, if there was no agency between husband and wife, then there would be no liability on the part of the defendant owner (wife) either to the plaintiff or to anyone else. Permission to use the car for the trip in question would create a mere bailment. *Currie* v. *Consolidated Ry. Co.*, 81 Conn. 383, 388; *O'Keefe* v. *Fitzgerald,* 106 Conn. 294, 300. This defense of course would come in under the general denial portion of the answer and would be quite apart from the special defense.

The special defense of the defendant wife, to which the plaintiff's demurrer is interposed, sets up "contributory negligence" imputed to the plaintiff from the alleged fact that the operator and the plaintiff were engaged in a joint adventure in the use of the car, so that the operator's negligence is that of the plaintiff passenger.

The parties properly agree that one joint adventurer may recover against another for injuries caused by the latter's negligence. *Bushnell* v. *Bushnell,* 103 Conn. 583, 588. This is but a specific application of the general rule that a principal may recover against his agent for injuries sustained as a result of the latter's negligence. *Donohue* v. *Jette,* 106 Conn. 231, 232. The special defense interposed by the defendant wife, only, would have been admittedly inefficacious had it been pleaded by the defendant husband.

The complaint charges no personal negligence on the part of the defendant owner. Her liability is predicated upon the family car application of the general doctrine of respondeat superior.

An agent cannot recover damages from his principal for injuries sustained solely by reason of the agent's own negligence even though received during the course and scope of his authority. Restatement, 2 Agency § 440 (a) and comment (b) on clause (a); 2 Am. Jur. 233, § 295. This, however, is not because of "contributory negligence" on the part of the agent, because there is no negligence on the part of the principal to which that of the agent could contribute. It is because there is no negligence (i. e., violation of any duty owed to the agent) on the part of the principal.

The real question raised by the special defense is not, therefore, contributory negligence, but whether the negligence of the operator is so imputed to the passenger by the fact of joint adventure, that the negligence of either is that of the other and

consequently the plaintiff passenger stands in the same shoes with respect to the defendant owner (who is free from any personal negligence) as does the defendant operator. If he does, then as previously pointed out, there can be no recovery since the agent himself could not recover.

The fact of joint adventure is difficult to prove. *Weller* v. *Fish Transport Co.,* 123 Conn. 49, 54; *Nash* v. *Lang,* 268 Mass. 407, 410; Restatement, 2 Torts § 491. But if it is proved, then the negligence of one joint adventurer who is an operator is imputed to another joint adventurer who is a passenger in a suit by the latter against a third person. This is so even though such third person is negligent, in which latter event there is actually imputed contributory negligence. *Weller* v. *Fish Transport Co.,* supra; *Bushnell* v. *Bushnell,* supra, 587; 38 Am. Jur. 923, 939. The defendant owner is such a third party, although in this case free from personal negligence.

The plaintiff claims that the defendant owner is not such a third party under the foregoing rule if the relationship between husband and wife with respect to the car was that of agent and principal under the family car rule. Apparently this result is claimed to 'arise because the wife, under the family car rule, authorized the defendant operator, inter alia, to engage in a joint adventure. This claim is incorrect. She authorized the defendant operator to operate the car as a family car, but not to create relationships between himself and his passengers beyond those involved in the family car authority to operate. § 7904; *Morse* v. *Consolidated Ry. Co.,* 81 Conn. 395, 399.

No citations supporting his claim have been furnished by the plaintiff passenger other than the *Bushnell* case, which does not support his position. Obviously it would be a most singular rule of law which absolved a defendant (even though both owner and operator) who was personally negligent from liability under the joint adventure theory of imputed contributory negligence but granted no such absolution to a defendant owner (although not the operator) who was entirely free from personal negligence. · The plaintiff's claim in this respect is without merit in the absence of any allegation that the joint adventure by the plaintiff and defendant operator was authorized by the defendant owner or that she was herself a joint adventurer with them. Neither situation follows from proof of the family car relationship between the defendant owner and the defendant operator.

The demurrer must be overruled if any facts could be proven under the special defense of the answer which would constitute an efficacious defense. *Cashman* v. *Meriden Hospital*, 117 Conn. 585, 586.

For the reasons previously pointed out, this demurrer must fail.

It perhaps should be noted that the demurrer does not attack the answer for failing to set forth the elements of a joint adventure. Consequently this question is not passed upon. *Smith* v. *Furness*, 117 Conn. 97, 99.

The demurrer is overruled.