[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Nicole Little, was injured in a motor vehicle accident when the vehicle in which she was a passenger collided with a vehicle operated by the defendant Camillo Bonesse and owned by the defendant Francesco Bonesse. She brings this action in two counts and seeks damages. Pending before the court is the defendants' motion to strike the second count. In the second count, the plaintiff alleges that Camillo Bonesse recklessly operated the vehicle and that both he and Francesco Bonesse are liable for the injuries thereby caused to the plaintiff. Based on these allegations, the plaintiff seeks to impose double or treble damages on both defendants pursuant to General Statutes §14-295.
General Statutes § 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
 I
The first ground the defendants assert in the motion to strike is that, in the second count, the plaintiff does not make distinct factual allegations of reckless or deliberate conduct. In the second count, the plaintiff alleges that Camillo Bonesse caused the accident:
 "a. in that he operated his vehicle at an unreasonable rate of speed in violation of Sec. 14-218a of the Connecticut General Statutes; b. in that he operated his vehicle recklessly in violation of Sec. 14-222 of the Connecticut General Statutes; c. in that he failed to act in a reasonable manner by operating his vehicle deliberately or with reckless disregard in violation of Sec. 14-218a and/or Sec. 14-222 of the Connecticut General Statutes."
"To support an award of punitive damages, the evidence must reveal a CT Page 9104 reckless indifference to the rights of others or an intentional and wanton violation of those rights." (Internal quotation marks omitted.)Sorrentino v. All Seasons Services, 245 Conn. 756, 778, 717 A.2d 150
(1998). "Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . Wanton misconduct is reckless misconduct. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . ." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish,207 Conn. 518, 532, 542 A.2d 711 (1988).
In Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958), the Supreme Court, quoting Brock v. Waldron, 127 Conn. 79, 80, 14 A.2d 713 (1940), stated: "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on. . . . Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." (Internal quotation marks omitted.)
Here, other than the legal conclusion of recklessness, the only fact the plaintiff alleges is that Camillo Bonesse operated the vehicle at an unreasonable rate of speed in violation of General Statutes §14-218a.[1] As the court stated in Foxworth v. Juliano, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 524237 (November 4, 1993, Sheldon, J.) "The plaintiff's first specification of recklessness is that the defendant operated his vehicle in such a manner as to violate General Statutes § 14-218a and §14-222, which respectively proscribe operation at an unreasonable speed and reckless driving. Though both of these statutes establish duties of care, the violation of which may be relied upon as the basis for a recovery in negligence, see, e.g., Kostiuk v. Queally, 159 Conn. 91, 94-95
(1970), neither describes conduct which by its very nature poses the sort of especially great danger to others which by necessary implication constitutes reckless and wanton misconduct. The use of the word `recklessly,' moreover, adds nothing of substance to the bare legal conclusion that the listed conduct is actionable as reckless and wanton misconduct. Id. See also Dumond v. Denehy, supra at 91. Absent a more particularized description of the manner in which the defendant is alleged to have violated either statute, the unadorned claim that he did so does not support the claim that this defendant engaged in especially CT Page 9105 dangerous and risky conduct, knowingly or otherwise."
The court finds the reasoning of Foxworth v. Juliano, supra, Superior Court, Docket No. 524237, persuasive. While there undoubtedly are circumstances in which the operation of a vehicle at an unreasonable rate of speed would be reckless, those circumstances must be alleged. Dumondv. Denehy, supra, 145 Conn. 91. The plaintiff did not do so here, and for that reason the second count is stricken.
 II
The defendants also argue that even if the court construes the second count to have specifically plead recklessness, the second count should be stricken as to Francesco Bonesse. They base this argument on their assertion that Francesco Bonesse cannot be held liable for double or treble damages under General Statutes § 14-295 because he was not operating the vehicle.
As noted above, General Statutes § 14-295 provides, in pertinent part, that "the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222 . . . and that such violation was a substantial factor in causing such injury . . . ." (Emphasis added.)
It is true that, in the second count, the plaintiff also alleges, inter alia, that Francesco Bonesse owned the vehicle that was, at the time of the accident, being operated by Camillo Bonesse "within the scope of proper permission and authority to operate same and/or as a family car. . . ." It is also true that, even without this specific allegation, the general allegation that Francesco Bonesse was the vehicle's owner and that Camillo Bonesse was the operator actuates the provisions of General Statutes § 52-183. Section 52-183 provides: "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption." In several decisions, judges of the Superior Court have held that by impressing this statute onto General Statutes § 14-295, double or treble damages may be awarded against a non-operator owner of a motor vehicle. See, e.g., McCarthy v. Yantorno, Superior Court, judicial district of Litchfield, Docket No. 78474 (August 18, 1999, Sheedy, J.) (25 Conn.L.Rptr. 377); Prezioso v. GreaterBridgeport Transit Authority, Superior Court, judicial district of CT Page 9106 Fairfield at Bridgeport, Docket No. 337357 (December 24, 1997) (21 Conn.L.Rptr. 274). In those decisions, the judges usually cite to Gionfriddo v. Avis Rent A Car System, Inc.,192 Conn. 280, 472 A.2d 306 (1984), and also reason that unless General Statutes § 52-183 intended to authorize the imposition of enhanced damages against a non-operator owner, the word "reckless" in the statute would be superfluous.
I respectfully disagree. In Gionfriddo v. Avis Rent A Car System,Inc., the court was interpreting the provisions of General Statutes § 14-154a, the lessor liability statute. General Statutes § 14-154a
provided that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." (Emphasis added.) Under General Statutes §14-154a, the language authorizing the imposition of enhanced damages against a non-operator owner is far more explicit than that used in General Statutes § 52-183. As the court said in Gionfriddo; "we have repeatedly stated our view of the purpose of the statute. [It] cannot be regarded otherwise than as an expression of legislative judgment as to the extent — beyond the limitations of the general principles of respondeat superior and the family-car doctrine — to which the owner of a motor vehicle which he entrusts to another should be liable for the acts of the latter. . . . We have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental. . . ." (Citations omitted; emphasis added; internal quotation marks omitted.) Gionfriddov. Avis Rent A Car System, Inc., supra, 192 Conn. 284-85. Indeed, as detailed by the court in footnote 3 of Gionfriddo, for over 200 years, when the legislature has sought to impose such liability and damages on a lessor or owner it has done so explicitly.[2] Moreover, the court's observation in Gionfriddo that § 14-154a extended liability "beyond the limitations . . . of the family car doctrine" is telling, because General Statutes § 52-183 is legislation closely analogous to the family car doctrine, presently codified at General Statutes § 52-182. See Trichilo v. Trichilo, 190 Conn. 774, 779, 462 A.2d 1048 (1983);Kurimai v. Malinosky, 17 Conn. Sup. 72, 73 (1950).
The other argument made by judges in cases holding that § 52-183
authorizes the imposition of enhanced damages against non-operator owners is that unless the statute intended to authorize such damages, the inclusion of the word "reckless" in the text of the statute would have been superfluous. See, e.g., McCarthy v. Yantorno, supra, 25 Conn.L.Rptr. CT Page 9107 379; Prezioso v. Greater Bridgeport Transit Authority, supra,21 Conn.L.Rptr. 276. This is simply not so. That a reckless operator of a motor vehicle is the owner's agent does not imply, or even suggest, that the owner is liable for enhanced damages. See Maisenbacker v. SocietyConcordia, 71 Conn. 369, 379-80, 42 A. 67 (1899).[3] The word "reckless" may have been included to cover cases where a plaintiff sued an operator only for recklessness, and the historical circumstantial evidence indicates that this was its purpose.
At the time the statutory predecessor to General Statutes § 52-183
was enacted in 1935[4], a plaintiff who was a guest in a vehicle had to prove that the vehicle was operated recklessly in order to impose even compensatory damages on the operator. At that time, General Statutes (Rev. 1930) § 1628, "the guest statute," was extant, having been enacted in 1927. See Public Acts 1927, ch. 308 § 1. Under that statute, it was "incumbent upon the plaintiff, if he was to recover, to prove that the defendant in the operation of the car was guilty of conduct which `evinced a reckless indifference to the danger of injury to others.' Sadinsky v. Coughlin, 114 Conn. 585, 589, 159 A. 492 [1932];Riordan v. Gouin, 119 Conn. 235, 238, 175 A. 686 [1934]." Ferris v. VonMannagetta, 124 Conn. 88, 89, 198 A. 167 (1938).[5] "That being so, no recovery could be had in the action upon the ground of negligence." Smithv. Furness, 117 Conn. 97, 101, 166 A. 759 (1933). The guest statute "denie[d] to a certain class of passengers in an automobile a right to recover compensation from the owner or driver for injuries received by reason of the negligence of either in its operation. . . . The purpose of this legislation was to deny a recovery for negligence against one transporting in his automobile a member of his family, a social guest, or a casual invitee in an action brought by the recipient of his hospitality. . . ." (Citations omitted; internal quotation marks omitted.) Gledhill v. Connecticut Co., 121 Conn. 102, 104-05, 183 A. 379
(1936).
The guest statute was on the books for ten years, from 1927 to 1937.[6]
During its brief tenure, some might say terror, an unusual number of cases, for that time, construing or applying that law reached the Supreme Court.[7] It was in this statutory context and legal environment that the legislature enacted what is now General Statutes § 52-183. The court must assume that in enacting that statute the legislature acted with knowledge of the "Guest statute" and its judicial construction and acted with an intent to create one consistent body of laws. Castagno v.Wholean, 239 Conn. 336, 347, 684 A.2d 1181 (1996); Stern v. Allied Van Lines, Inc., 246 Conn. 170, 180, 717 A.2d 195 (1998). While there is no illuminating legislative history to the legislation, given its vintage;New England Savings Bank v. Bedford Realty Corp., 246 Conn. 594, 601-02,717 A.2d 713 (1998) (advent of comprehensive published legislative CT Page 9108 history did not occur in Connecticut until 1953); the circumstantial evidence renders it far more likely that the word "reckless" in General Statutes § 52-183 was intended to conform with basic liability under the guest statute than that it was intended to sanction the imposition of double or treble damages against non-operator owners under what is now General Statutes § 14-295. This court holds that § 52-183 does not explicitly or impliedly authorize the imposition of double or treble damages on a non-operating owner of a motor vehicle under General Statutes § 14-295.
The motion to strike is granted.
BY THE COURT
Bruce L. Levin Judge of the Superior Court