RUTH C. BIDDLE *v.* RACHEL E. BOYD (who was sued with Robert Goodrich).

---

(*May* 9, 1938.)

LAYTON, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Thomas H. Wingate* for plaintiff.

*Herbert H. Ward, Jr.* (of Ward and Gray) for defendant.

Superior Court for New Castle County, May Term, 1938.

LAYTON, C. J., delivering the opinion of the Court:

Under the provisions of the statute, *Chapter* 26, *Vol.* 38, *Del. Laws, Section* 5713, *Rev. Code* 1935, one riding as a guest in an automobile has no right of action for damages resulting from injury against the host in case of accident unless such accident shall have been intentional, or caused by wilful or wanton disregard of the rights of others.

In *Gallegher v. Davis,* 7 *W. W. Harr.* (37 *Del.*) 380, 183 *A.* 620, this Court held that, under the statute, negligence, as that term is properly understood in law, is eliminated as a basis of liability. This view of the statute was approved by the Supreme Court. *Law v. Gallegher,* 9 *W. W. Harr.* (39 *Del.*) 189, 197 *A.* 479. There, wanton conduct was defined to be such as exhibits a conscious indifference to consequences in circumstances where probability of harm to another within the circumference of the conduct is reasonably apparent, although harm to such other is not intended.

By the declaration, the wanton conduct of the defendant is alleged to consist in her failure to heed the warning of the presence of the parked car given to her by the plaintiff, at a time when the defendant's car, proceeding at a speed of thirty miles an hour, was distant from the parked car one hundred and twenty five feet. It may be assumed that the plaintiff's case has been stated with all fullness and strength. *Snavely v. Booth et al.,* 6 *W. W. Harr.* (36 *Del.*) 378, 176 *A.* 649. A simple calculation discloses that the defendant, from the time the warning was communicated, had something less than three seconds within which to act to avert the danger. Reception and

appreciation of the communication and action in response thereto are not instantaneous processes even to the most intelligently active person. The time consumed by mental and muscular operations may not wholly be disregarded. But granting that to the average person in the circumstances alleged, understanding reception of warning and action thereupon should be practically instantaneous, there appears a distance of one hundred and twenty five feet and something less than three seconds of time upon which to predicate conscious indifference to the consequences of non-action in a situation where probability of harm to the plaintiff was reasonably apparent. Whether the facts alleged even point to negligence is not for decision. Certain it is that they do not show a wanton disregard of the plaintiff's rights and safety. Wantonness of conduct must be determined by the facts and circumstances of the individual case. There is no fixed rule for its discovery. The following cases are not without point. *Bordonaro v. Senk,* 109 *Conn.* 428, 147 *A.* 136; *Ascher v. Friedman, Inc.,* 110 *Conn.* 1, 147 *A.* 263; *Bobich v. Rogers,* 258 *Mich.* 343, 241 *N. W.* 854; *Elowitz v. Miller,* 265 *Mich.* 551, 251 *N. W.* 548; *Keilitz v. Elley,* 276 *Mich.* 701, 268 *N. W.* 787; *Anderson v. Colucci,* 116 *Conn.* 67, 163 *A.* 610; *Cook v. Cook,* 117 *Conn.* 655, 166 *A.* 672; *Lucas v. Hickcox,* 117 *Conn.* 513, 169 *A.* 191; *Sayre v. Malcom,* 139 *Kan.* 378, 31 *P.2d* 8; *Van Blaircum v. Campbell,* 256 *Mich.* 527, 239 *N. W.* 865; *Naudzius v. Lahr,* 253 *Mich.* 216, 234 *N. W.* 581, 74 *A. L. R.* 1189; *Schlacter v. Harbin,* 273 *Mich.* 465, 263 *N. W.* 431; *McGuire v. McGannon,* 283 *Ill. App.* 293; *Ernest v. Bellville,* 53 *Ohio App.* 110, 4 *N. E. 2d* 286; *Crosby v. Strain,* (*Tex. Civ. App.*) 99 *S. W. 2d* 659; *Hansen v. Dall,* 220 *Iowa* 817, 263 *N. W.* 530; *Southern Kansas Stage Lines Co. v. Ruff,* 193 *Ark.* 684, 101 *S. W. 2d* 968; *Meek v. Fowler,* 3 *Cal. 2d* 420,.45 *P.2d* 194.

The demurrer is sustained.