LEVIN THOMAS TYNDALL v. PHILIP RIPPON and THOMAS A. DONOHUE; ANNA MARION TYNDALL v. PHILIP RIPPON and THOMAS A. DONOHUE; CHRISTOPHER J. VOLK v. PHILIP RIPPON and THOMAS A. DONOHUE.

(*March* 2, 1948.)

TERRY, J., sitting.

*Hoffman* and *Hoffman* for each plaintiff.

*William Poole* and *John P. Sinclair* (of Southerland, Berl and Potter) for the defendant, Rippon.

Superior Court for New Castle County, Nos. 120, 121 and 122, September Term, 1947.

TERRY, J.

The plaintiffs have alleged that on December 7, 1947, at about 7:45 in the evening, they were nonpaying guest passengers in an automobile owned and operated by Philip Rippon over and along the Philadelphia Pike in a southerly direction at a point approximately one hundred eighty feet north of the intersection of said Pike with Bellevue Road; that at the time and place Thomas A. Donohue was operating an automobile over and along said Pike in a northerly direction at a speed of approximately fifty miles per hour as he approached and proceeded through said intersection; that at the time mentioned traffic proceeding on the Philadelphia Pike was not controlled by any designated highway traffic signs or signals; that Rippon, intending to make a left turn into Bellevue Road, when approximately one hundred eighty feet north of the intersection, drove his automobile, against the express protest of the respective plaintiffs, to the left and

over the center line so that his automobile occupied a part of the northbound lane of traffic, then recklessly, wantonly and in deliberate disregard of the protests of the plaintiffs proceeded to drive his automobile further into the northbound lane so that at a point approximately forty feet from the intersection the Rippon automobile was completely in the northbound lane where it collided head-on with the Donohue automobile; that the acts of Rippon were deliberately taken with full knowledge and notice of the situation, and were committed by him with a reckless and wanton disregard of the rights of the plaintiffs.

The complaints continue with designated allegations of negligence on the part of Donohue, and conclude with a prayer for damages alleged to have been occasioned because of personal injuries sustained by reason of the collision.

The defendant, Rippon, has filed a motion under Superior Court Rule 12(b) (6) to dismiss the complaints insofar as he is concerned, for the reason that the respective plaintiffs have failed to state a claim upon which relief can be granted.

In this State a nonpaying guest passenger riding in an automobile of another cannot recover damages from his host for any injuries sustained by reason of the occurrence of an accident due to the negligence of his host. This is so by reason of the enactment of Chapter 26, Volume 38, Laws of Delaware, Section 5713, Revised Code of 1935, which provides in part—

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his wilful or wanton disregard of the rights of others."

It is conceded that the respective plaintiffs come within the purview of the Guest Statute; that is, each plaintiff was a non-paying guest passenger riding in the car of Rippon. Under the language of the statute the conduct on the part of the host must have been intentional or caused by his willful or wanton disregard of the rights of others. I shall not attempt to define what constitutes an intentional accident. I take for granted such never occurred. *Gallegher v. Davis*, 7 *W. W. Harr.* 380, 183 *A.* 620. The import of the question now presented under the defendant's motion is, Did Rippon's conduct in operating his automobile as alleged amount to a willful or wanton disregard of the rights of the respective plaintiffs? In the case of Gallegher v. Davis the Court defined and distinguished willfulness from wantonness by stating, "Willfulness includes actual intent to cause injury, while 'wantonness' includes at most implied or constructive intent."

The respective plaintiffs contend that the complaints filed charge Rippon with something more than negligence and therefore are sufficient. They contend that the operation by Rippon under the conditions as alleged in the face of the expressed warnings as indicated constituted a willful or wanton disregard of their individual rights. Such willful or wanton conduct as contended for by the plaintiffs must be found from the allegations when considered in their entirety. Epithetical language will not enlarge allegations otherwise not sufficient into the statutory requirement of the willful or wanton disregard of the rights of others. Gallegher v. Davis.

The modern automobile is a dangerous instrumentality even in the hands of a most careful and prudent operator. Uniformity of law in many respects exists relative to recognized rules of the road. Sections 5626, 5628 and 5633 of the Code of 1935 are but examples:

Section 5626: "Upon all highways of sufficient width, except upon one way streets, the driver of a vehicle shall drive the same upon the right half of the highway * * *."

Section 5628: "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible."

Section 5633: "* * * the driver of a vehicle intending to turn to * * * the left shall approach such intersection in the lane for traffic to the right of and nearest to the center line of the highway and in turning shall pass beyond the center of the intersection, passing as closely as practicable to the right thereof before turning such vehicle to the left * * *."

Momentary inadvertence or mere negligence, as each term is defined and understood in law, is eliminated as a ground for recovery. *Gallegher v. Davis,* 7 *W.W.Harr.* 380, 183 *A.* 620; *Law v. Gallegher,* 9 *W. W. Harr.* 189, 197 *A.* 479; *Biddle v. Boyd,* 9 *W.W.Harr.* 346, 199 *A.* 479. Thus, a violation of any or all of the preceding sections may constitute negligence per se, but such a violation in and of itself would not constitute a willful or wanton disregard of the rights of others. Much more is required under the Guest Statute; that is, if the acts complained of be willful, then the element of actual intent to cause injury must appear, or, if the acts complained of be a wanton disregard of the rights of others, then the conduct must be such as exhibits a conscious indifference to consequences in circumstances where probability of harm to another within circumference of the conduct is reasonably apparent although harm to such other is not intended.

From the allegations contained in the complaints we find no willful disregard of the rights of the respective

plaintiffs insofar as Rippon is concerned. If a cause of action exists, it must be predicated upon Rippon's wanton disregard of the plaintiff's rights. The wanton disregard, as alleged, is that Rippon intending to make a left turn into Bellevue Road, when one hundred eighty feet north of the intersection, against the express protests of the respective plaintiffs, drove his automobile partly over the center line so that the automobile occupied a part of the northbound lane of said Pike, then recklessly, wantonly and in deliberate disregard of the protests of the plaintiff proceeded to drive his automobile further into the northbound half of said Pike so that at a point approximately forty feet north of said intersection Rippon had driven his automobile left to such an extent that it was completely in the northbound half of the Pike and directly in the path of the oncoming Donohue automobile, at which point the Donohue automobile and the Rippon automobile collided head-on with great force and violence.

In order to conclude if the allegations are sufficient in this respect, we must determine whether or not Rippon, after he was warned by the respective plaintiffs, had sufficient time to act to avert the danger. The distance travelled between the point of warning and the point of impact is alleged to have been one hundred forty feet. The speed at which Rippon was operating his automobile is not alleged, nor is the space of time that transpired between the warning and impact alleged. The speed at which Donohue was operating his automobile is alleged to have been fifty miles per hour. The element of time that elapsed between the warning and impact is of vital importance, as it relates directly to the question of wantonness on the part of Rippon. Admitting that reception of warning and action thereon should be practically instantaneous, nevertheless, the element of time between warning and impact may be too brief to predicate a conscious indifference to the consequences of

non-action in a situation where probability of harm to a plaintiff is reasonably apparent. Biddle v. Boyd.

In the present cases there exists no yardstick of measure whatsoever upon which we can determine whether or not Rippon, after he was warned by the respective plaintiffs, had sufficient time to act to avert the danger. This is so for the reason that the complaints do not contain an allegation setting forth the speed at which Rippon was operating his automobile, nor do they contain an allegation setting forth the space of time that elapsed between the warning and the impact. The mere allegation of the distance travelled between warning and impact is not sufficient.

The respective motions of the defendant, Philip Rippon, to dismiss the respective actions insofar as he is concerned are hereby granted, and an order will be entered accordingly.