WILLIAM BERNARD COSTELLO v. WILLIAM LAWSON CORDING.

(*August* 1, 1952.)

TERRY, J., sitting.

*Henry van der Goes* (of the firm of Young and Wood) for the plaintiff.

*John S. Walker* for the defendant.

Superior Court for New Castle County, No. 355, Civil Action, 1951.

TERRY, J.:

The meaning of the phrase "willful or wanton disregard of the rights of others" as used in our guest statute has been defined upon several occasions by the Courts of this State. *Gallegher v. Davis & Law*, 7 *W. W. Harr.* 380, 183 *A.* 620; *Tyndall v. Rippon*, 5 *Terry* 458, 61 *A.* 2d 422. Negligence as that term is properly understood in the law is eliminated as a basis of liability. Willful or wanton misconduct under the statute is evidenced by a display of conscious indifference to circumstances in the operation of a motor vehicle in a situation where probability of injury to others is reasonably apparent.

The theory in part in adopting our new rules of civil procedure was to discard the niceties and technicalities of pleading, that theretofore prevailed, by doing away with the troublesome burden of revealing the facts and settling the issues in dispute. These functions are now disposed of by the deposition-discovery procedure and pre-trial hearings. Thus, the underlying purpose of Rule 8(a) is to give to the adverse party a clear indication of the precise nature of the pleader's claim in simple, plain, and understandable language.

▆ The use of epithetical language in a complaint is not prohibited under Rule 8(a) if the complaint in its entirety, including such language, states a claim upon which the pleader is entitled to relief and at the same time gives to the opposing party notice of the precise nature thereof, *Cox v. Kroger Co., D. C.,* 9 *F. R. D.* 78; and in this respect a complaint which affords a generalized summary of the pleader's case is sufficient.

▆ Under Rule 8(a) the pleader is not required in a statement of claim to narrate facts sufficient to constitute a cause of action, nor is he required to spell out the definite verbiage of the wrongs complained of if the missing elements, or element, follow, or may reasonably be inferred from the facts that are alleged. *Hollander v. Davis,* 5 *Cir.,* 120 *F.* 2d 131. If the complaint states any claim upon which the pleader might recover, the complaint should not be dismissed without a trial or motion for summary judgment. *Dioguardi v. Durning,* 2 *Cir.,* 139 *F.* 2d 774. In the present case, therefore, unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim, the complaint should not be dismissed. *Morgan v. Wells, Del. Ch.* 1951, 80 *A.* 2d 504; *Maher v. Voss, Del. Super.* 1951, 7 *Terry* 418, 84 *A.* 2d 527; *U. S. v. County of Cattaraugus, D. C.,* 67 *F. Supp.* 294.

The defendant relies strongly upon the case of *Tyndall v. Rippon, supra,* decided by me after the adoption and promulgation of our new rules of civil procedure in January, 1948. The decision in that case has no direct application to the question to be determined in the present case. True it concerned a motion to dismiss under *Superior Court Rule* 12(b) (6) an amended complaint filed under *Superior Court Rule* 8(a) wherein the present guest statute was involved. Although the reported decision does not so indicate, the action in that case, however, was originally brought in 1947, at which time our governing rules of civil procedure were those of the common law. In that case a declaration was filed by the plaintiff. The defendant demurred to the declaration. Richards, J., then sitting, sustained the de-

murrer and granted to the plaintiff general leave to amend. Subsequent to the time the demurrer was sustained and before the rule day for the filing of the plaintiff's amended declaration, we adopted and promulgated our new rules of civil procedure. The plaintiff instead of amending his declaration in accordance with the common law rules filed an amended complaint under Rule 8(a) of our present rules. The defendant then made a motion to dismiss the complaint under Rule 12(b) (6) of our present rules. Since the case was originally brought under the common law rules and the declaration tested by demurrer under the principles thereof, it was determined properly to treat the amended complaint and the defendant's motion to dismiss as if they were, in fact, a common law declaration and a demurrer thereto. Accordingly, the motion to dismiss was briefed and argued by the respective parties in this fashion, and, after due consideration of the allegations appearing in the amended complaint, I concluded that the complaint did not affirmatively show that the plaintiff was entitled to relief in accordance with the common law rules. I, therefore, entered an order dismissing the amended complaint, in accordance with the defendant's motion.

Upon a study of the complaint in the present case I find that the facts narrated therein may measure up to willful or wanton misconduct on the part of the defendant. At least I am unable to say with certainty that the plaintiff would not be entitled to recovery under any state of facts which could be proved under his complaint. This presents a case to be heard upon the merits, or upon a motion for summary judgment.

The defendant's motion to dismiss the complaint must be denied.