Mabel D. STEVENSON, Plaintiff,

v.

Sarah E. ISAACS and Earl L. ISAACS, Jr., Adm'r and Adm'x of the Estate of Earl L. Isaacs, deceased, Clyde Argo Banks and Bakery Products Delivery, Inc., a foreign corporation, Defendants.

Civ. A. No. 1630.

United States District Court
D. Delaware.
Nov. 1, 1954.

Everett F. Warrington, Georgetown, Del., for plaintiff.

John P. Sinclair (of Berl, Potter & Anderson), Wilmington, Del., for defendants Sarah E. Isaacs and Earl L. Isaacs, Jr.

LEAHY, Chief Judge.

This is a death action against Sarah E. Isaacs and Earl L. Isaacs, Jr., administratrix and administrator of the estate of Earl L. Isaacs, deceased, and also against Clyde Argo Banks and Bakery Products Delivery, Inc., for wrongful death of plaintiff's husband. The claim against defendants Sarah and Earl Isaacs is based on the Delaware Guest Statute, Title 21 Del.Code, § 6101, and for death and loss occasioned by wrong under Title 10, § 3704. These defendants moved to dismiss the complaint for failure to state a claim. Paragraph 9 and 10 of the complaint allege on March 11, 1954, plaintiff's husband was a passenger in a motor car owned and operated by defendants' (the Isaacs) decedent, Earl L. Isaacs, whose car collided with a truck driven by defendant Banks and owned by corporate defendant, Bakery Products Delivery, Inc. The accident occurred on Route 13, at Hare's Corner, near the north entrance of the Howard Johnson Restaurant.

The allegation is the accident was caused by the wilful and wanton disregard of Earl L. Isaacs for the rights of others and by the negligence of Banks, agent at the time of driving of Bakery Products Delivery, who was driving south in the same direction as Isaacs.

Paragraph 13 charges the violation of § 6101 by specifying violation of other statutory mandates for road safety. Sub-paragraph (a) charges "In violation of Sec. 4123, Title 21 of the aforesaid Code, he drove his aforesaid motor vehicle in a reckless manner in wilful or wanton disregard for the safety of the decedent." Sub-paragraphs (b) and (c)

allege failure of proper lookout and control. Sub-paragraph (d) alleges while driving south in the left lane of Route 13 Isaacs turned to the right without giving a signal, without seeing if he could turn right with safety, and at an excessive rate of speed; these the pleader charges displayed conscious indifference to the circumstances and the safety of plaintiff's decedent.

Question Presented.

Does a complaint for wrongful death state a claim under Delaware's Guest Statute where the negligent acts attributed to a defendant are actions which Delaware cases have held do not constitute wilful or wanton disregard for the rights of others?

■ 1. At the outset the first inquiry is whether the present motion involves a federal procedural matter, or whether the disposition of the motion to dismiss depends primarily on whether the complaint fails to state a claim upon which relief can be granted under the substantive law of Delaware as to whether plaintiff has a cause of action against the Isaacs defendants. I think Delaware law must be considered and it controls in such a situation even if a borrowing must be had from Delaware's procedural area. In any event, procedurally Delaware's § 12(b) (6), Del.C.Ann. and F.R. 12(b) (6), 28 U.S.C.A., are similar.

■ 2. Defendants' motion to dismiss assumes the facts as alleged by plaintiff, but defendants say these facts do not support recovery under Gallegher v. Davis, 7 W.W.Harr. 380, 37 Del. 380, 183 A. 620; Biddle v. Boyd, 9 W.W.Harr. 346, 39 Del. 346, 199 A. 479; Tyndall v. Rippon and Donohue, Volk v. Rippon and Donohue, Nos. 120, 121, 122 Sept. Term, 1947, Superior Court for New Castle County, Delaware;[1] Tyndall v. Rippon, 5 Terry 458, 44 Del. 458, 61 A.2d 422; Costello v. Cording, Del.Super., 91 A.2d

1. The first Tyndall cases involved a demurrer to a declaration and were decided under Delaware's former common law procedural pleading, prior to the adoption of the Rules of the Superior Court of Delaware on January 1, 1948, by Chief Justice Richards in unpublished opinion dated March 3, 1948.

182.[2] I think defendants have a strong point here. In the last of the Delaware cases involving the Guest Statute, Costello v. Cording, supra, Delaware applied its new procedural rules and refused a motion to dismiss. There, at page 184 of 91 A.2d, Judge Terry wrote: "If the complaint states any claim upon which the pleader might recover, the complaint should not be dismissed without a trial *or motion for summary judgment.*" (Emphasis added.) The latest pronouncement of the Delaware Courts, which is in accord with the utterances of the federal cases, as to how a motion to dismiss a complaint should be regarded, was stated by the new Delaware Supreme Court (per Justice Wolcott):[3] "Under the present rules of the Superior Court a cause of action need not be set forth with all the technical exactitude of allegation necessary under the rules of common law pleading. The present rules adopt a system of notice pleading rather than fully informative pleading as was theretofore required. The theory underlying the present rules is that a plaintiff must put a defendant on fair notice in a general way of the cause of action asserted, which shifts to the defendant the burden to determine the details of the cause of action by way of discovery for the purpose of raising legal defenses. 2 Moore's Federal Practice, (2d Ed.) § 8.03. Pfeifer v. Johnson Motor Lines, Del.Super., 89 A.2d 154.

"Thus, a complaint will not be dismissed for failure to state a claim upon which relief can be granted unless it appears to a certainty that the plaintiff could not recover under any reasonably conceivable set. of circumstances susceptible of proof. 2 Moore's Federal Practice (2d Ed.), § 12.08; Morgan v. Wells [32 Del.Ch. 108], 80 A.2d 504; Costello v. Cording, Del.Super., 91 A.2d 182."

■ The present motion to dismiss the complaint here is denied, without prejudice to the filing of any further motions.

■■ The case at bar was removed to this Court pursuant to 28 U.S.C.A. § 1446 by the two non-resident defendants—Clyde Argo Banks' and Bakery Products Delivery, Inc.; the petition for removal states (par. 3), as a basis for diversity, jurisdictional amount of $3,000, and that "the claim or cause of action against the petitioners is separate and independent from the claim or cause of action against the remaining non-petitioning defendants, which, if sued upon alone, would be removable." I do not think this mere averment in the petition for removal creates in itself a right of removal under 28 U.S.C.A. § 1441(c).

2. The points of pleading in the Delaware cases were:

The wilful negligence charged in Gallegher v. Davis, supra, was the operation of a motor car on a high crowned country road, past an intersection at 60 miles an hour. Decision: this plain negligence, not wilful and wanton conduct.

Biddle v. Boyd involved improper lookout and failure to heed warning given by defendant. Decision: this plain negligence, not wilful and wanton disregard of plaintiff.

In Tyndall v. Rippon (three cases) defendant attempted to make a left turn from. Philadelphia Pike onto Bellevue Road and struck by motor car coming in opposite direction. Allegations in the complaint were failure of proper lookout, lack of control, excessive speed, and failure to' observe protests 'of guest-riding plaintiff as defendant engaged in making left turn across path of oncoming traffic. Decision: per Richards, C. J., on the first amended complaint, insufficient to state a cause under the Delaware Guest Statute. A later amended complaint was filed under Delaware's new Rules of Civil Procedure. A motion to dismiss was made under Rule 12(b). Decision: per Terry, J., defendant's conduct not wilful or wanton.

Delaware's most recent case, Costello v. Cording, involved allegation of excessive speed of 70 and 85 miles an hour while driving on a curve and resultant loss of control of motor car. Decision: factual allegations sufficient for wilful and wanton disregard of rights of plaintiff and motion to dismiss denied.

3. Klein v. Sunbeam Corp., 94 A.2d 385, at page 391.

The collection of cases found in 28 U.S. C.A. § 1441, notes 371 and 373, would indicate the present matter at bar does not involve a "separable controversy". While there is a duality of negligences alleged, constituting separate causes of action, plaintiffs' rights coalesce after an attempt of removal into a cause of action which seeks a single judgment. In fact, the ad damnum clause of the complaint asks for a monetary judgment against all defendants in the sum of $50,000. The particularization of the alleged negligence of the non-resident defendants duplicates, in part, the acts of negligence charged against the resident defendants, but contains other independent acts of negligence; nevertheless, this does not mean the separate negligences of the two classes of defendants, resulting in one injury (death), may be joined in one suit for the purposes of removal based on diversity and thus escape the prohibition against removal where both plaintiff and some defendants are resident in the same state. Bentley v. Halliburton Oil Well Cementing Co., 5 Cir., 1949, 174 F.2d 788.

The question I suggest—which was not presented or argued—leaves the procedural field and goes to the basic jurisdiction of this Court to determine the cause. The Supreme Court warns of the self-imposed limitations which the district courts should observe in dealing with removal diversity cases. In American Fire & Casualty Co. v. Finn, 341 U. S. 6, at pages 12–13, 71 S.Ct. 534, at page 539, 95 L.Ed. 702, it was said:

"The effectiveness of the restrictive policy of Congress against removal depends upon the meaning ascribed to 'separate and independent * * * cause of action'. § 1441. Although 'controversy' and 'cause of action' are treated as synonymous by the courts in situations where the present considerations are absent, here it is obvious different concepts are involved. We are not unmindful that the phrase 'cause of action' has many meanings. To accomplish its purpose of limiting and simplifying removal, Congress used the phrase 'cause of action' in an accepted meaning to obtain that result. By interpretation we should not defeat that purpose.

"In a suit turning on the meaning of 'cause of action,' this Court announced an accepted description. Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. This Court said, 274 U.S. at page 321, 47 S.Ct. at page 602:

" 'Upon principle, it is perfectly plain that the respondent suffered but one actionable wrong and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex.

" 'A cause of action which does not consist of facts, but of the unlawful violation of a right which the facts show.' "

If the parties do not raise the point which has been noted, I shall then consider whether the jurisdictional diversity should be raised sua sponte.