# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

JOYCE HENRY,                :

                   :

         **Plaintiff,**       :       C.A. No: K14C-03-002 RBY

                   :

      **v.**                    :

                   :

**MIDDLETOWN FARMERS MARKET,**   :

**LLC, a Delaware limited liability**      :

**company, d/b/a DUTCH COUNTRY**    :

**FARMERS MARKET, JEANETTE L.**    :

**WATERS, and FRANCES DUSELL,**    :

                   :

         **Defendants.**       :

*Submitted: July 8, 2014*
*Decided: September 8, 2014*

***Upon Consideration of Defendant's***
***Motion to Dismiss***
**DENIED**

**ORDER**

Scott E. Chambers, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware for Plaintiff.

Middletown Farmers Market, LLC, *Pro se.*

Jeanette L. Waters, *Pro se.*

Frances Dusell, *Pro se.*

Young, J.

## SUMMARY

Jeanette Waters ("Defendant"), one of the defendants in a negligence action brought by Joyce Henry ("Plaintiff"), moves for an order dismissing Plaintiff's Complaint. In the action, Plaintiff alleges, that while attending a community yard sale, Plaintiff sustained injuries to the head caused by a bi-fold table led by a gust of wind. Plaintiff alleges that Defendant was negligent in failing to maintain the area of the community yard sale, which caused Plaintiff's damages. Defendant argues that Plaintiff's Complaint should be dismissed, because Plaintiff's injuries were not severe, and Plaintiff cannot claim negligence for an act of God. Defendant's Motion presents many questions of fact, that cannot be resolved upon a motion to dismiss. Thus, Defendant's Motion to Dismiss is **DENIED**.

## FACTS AND PROCEDURE

Plaintiff is a resident of Middletown, Delaware. Defendant resides in Bear, Delaware. The other defendants in this action are Middletown Farmers Market, LLC, , Moses F. Zook, Dutch Country Farmers Market, and Frances Dusell.

On April 7, 2012, all of the defendants participated in a community yard sale at the Dutch Country Farmers Market. Defendant and Francis Dusell ("Dusell") had their own area set up at the community yard sale, where they sold goods. On the date of the yard sale, weather conditions were evidently very windy. Defendant and Dusell had a bi-fold table in the area where they sold goods. While Plaintiff attended the community yard sale, a gust of wind apparently caused the bi-fold table to lose its grounding, striking Plaintiff in the head, allegedly causing injuries.

2

On March 4, 2014, Plaintiff filed a Complaint against all of the Defendants in this action. In the Complaint, Plaintiff alleged that the accident was proximately caused by the negligence of the Defendants in that they: a) failed to secure the bi-fold table so that it would not blow about in the wind; b) failed to take other measures to ensure that business invitees would not be struck by the bi-fold table during the event; c) failed to inspect the area to identify the existence of the hazardous condition in light of the windy day; d) failed to adopt and enforce adequate safety standards to ensure that participants in the community yard sale had safely set up their areas, and that items were secure from blowing during the windy conditions; and e) failed to maintain the area of the community yard sale open to business invitees to ensure the reasonable safety of business invitees, such as Plaintiff.

Plaintiff has alleged that she sustained serious temporary and permanent injuries, incurred past medical expenses, and will incur future medical expenses for her scarring, disfigurement, and serious emotional injuries. On June 19, 2014, Defendant filed a Motion to Dismiss the Complaint against her individually. On July 3, 2014, Plaintiff voluntarily dismissed Defendant Moses F. Zook from this action. Plaintiff submitted her Opposition to Defendant's Motion to Dismiss on July 7, 2014.

## **STANDARD OF REVIEW**

"A motion to dismiss under [Superior Court Civil] Rule 12(b)(6) presents the question of 'whether a plaintiff may recover under any reasonably conceivable

3

set of circumstances susceptible of proof' under the complaint".[1] "When considering a motion to dismiss, the Court must read the complaint generously, accept all well-[pled] allegations as true, and construe them in a light most favorable to the plaintiff."[2] "A complaint is 'well-plead' if it puts the opposing party on notice of the claim being brought against it."[3] "Dismissal is warranted, however, when 'under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted.'"[4]

## DISCUSSION

In the Motion to Dismiss, Defendant argues that Plaintiff sustained no permanent damages from her injury on April 7, 2012, claiming that Plaintiff generated only one medical bill for $178.00 from the Middletown Medical Center. Defendant, therefore, claims that Plaintiff's injuries were not severe. Further, Defendant contends that Plaintiff cannot claim negligence for an act of God, such as a flying table being thrown by a sudden gust of wind.

In the Opposition to Defendant's Motion to Dismiss, Plaintiff asserts that the purported grounds for Defendant's Motion to Dismiss are, at best, affirmative defenses that may be raised. It is well established that, under Delaware law, a

---

[1] *Precision Air, Inc. v. Standard Chlorine of Del., Inc.*, 654 A.2d 403, 406 (Del. 1995), citing *Kofron v. Amoco Chems. Corp.,* 441 A.2d 226, 227 (Del. Super. 1982).

[2] *Klein v. Sunbeam Corp.*, 94 A.2d 385, 391 (Del. 1952).

[3] *Boyce Thompson Inst v. MedImmune, Inc.*, 2009 WL 1482237 (Del. Super. 2009), citing *Precision Air v. Standard Chlorine of Del.*, 654 A.2d 403, 406 (Del. 1995).

[4] *Id.*, citing *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del.Super. 2004).

Complaint cannot be dismissed for failure to state a claim upon which relief can be granted where the Complaint gives general notice as to the nature of the claim asserted against the defendant.[5] Plaintiff argues that Defendant merely disputes issues of fact, which must be resolved by the trier of fact, not upon a motion to dismiss.

It is clear that Defendant's Motion presents several questions of fact that cannot be resolved upon a motion to dismiss. While there is presently evidence only of a $178.00 hospital bill, the extent of Plaintiff's injury is undetermined. Defendant states that the wind blowing the bi-fold table was an act of God, but neither Plaintiff nor Defendant provide details about the circumstances surrounding the incident, which creates a factual issue remaining to be determined.

Moreover, the responsibilities of the various defendants in this action during the community yard sale are open questions of fact. A successful claim of negligence requires identifying the duty that was breached, stating who breached the duty, identifying how the duty was breached, and identifying the injured party,[6] all of which are properly pled by Plaintiff. The facts alleged by Plaintiff are, at this point, to be assumed as true[7]; any disputes by Defendant are open factual issues.

---

[5] *Diamond State Telephone Company v. University of Delaware*, 269 A.2d 52 (Del. 1970).

[6] *Roberts v. Delmarva Power and Light*, 2007 WL 23197962 at *1 (Del. Super. 2007).

[7] *Stevenson v. Isaacs*, 126 F. Supp. 411 (D. Del. 1954).

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**.


                    <u>   /s/ Robert B. Young        </u>
                                         J.


RBY/lmc
oc:    Prothonotary
cc:    Mr. Chambers, Esq. (via File & ServeXpress)
       Middletown Farmers Market, LLC, *Pro se* (via U.S. mail)
       Jeanette L. Waters, *Pro se* (via U.S. mail)
       Frances Dusell, *Pro se* (via U.S. mail)
       Opinion Distribution
       File